MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone: (310) 271-6223
Facsimile: (310) 271-9805
michael.berger@bankruptcypower.com

Attorney for Debtor,
Andrew Ariza

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

Andrew Ariza,

        Debtor.

CASE NO.: 2:11-bk-31243-ER

Chapter 11

DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL; DECLARATION OF ANDREW ARIZA IN SUPPORT THEREOF

Date: July 6, 2011
Time: 11:00 a.m.
Place: Courtroom 1568

TO THE HONORABLE ERNEST ROBLES, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:

**PLEASE TAKE NOTICE THAT** on July 6, 2011, at 11:00 a.m., or as soon thereafter as may be heard, in Courtroom 1568 of the above-captioned Court, located at 1357 Vienna Way, Venice, California 90291, Andrew Ariza (the "Debtor"), debtor and debtor-in-possession herein,

will move this Court for an Order authorizing the Use of Cash Collateral seeking relief pursuant to 11 U.S.C. §363, to use the money in the Debtor's cash collateral account, consisting of collected rents and any other proceeds ("Cash Collateral"), from the property located at 1357-1359 Vienna Way, Venice, California 90291 (the "Vienna Property"), to pay the immediately necessary and ongoing expenses of maintaining and preserving the Vienna Property, including the Debtor's post-petition debt service obligations to secured creditors, Indymac Bank ("Indymac") and Wells Fargo Bank N.A. ("Wells Fargo"), insurance obligations, utilities, maintenance of the Property, and marketing expenses to the extent necessary to keep the Vienna Property fully leased, said funds to be replenished as soon as possible, for a period to and through April 1, 2010, or such other date as the Court may fix.

This Motion is made on the grounds that this Court has jurisdiction over this core proceeding under 28 U.S.C. Sections 1334(b), (e) and 157(a), (b)(2)(A), (b)(2)(M). This Court has the authority to grant the relief requested pursuant to 11 U.S.C. Section 363(c) and Rule 4001(b). This use of Cash Collateral will maintain and preserve, if not improve the value of the income stream constituting Cash Collateral as well as improve the value of the Vienna Property, and the value of the Debtor's estate, thus providing adequate protection to Indymac and Wells Fargo for such use. Further, such use is in the best interests of the estate and its creditors in that, absent such use, the Debtor will not be able to maintain and preserve the Vienna Property, and the income stream derived there from, which is essential to the preservation of the Vienna Property, the Debtor's estate and reorganization.

This Motion is based upon the Memorandum of Points and Authorities in Support thereof, the Declaration of Andrew Ariza in support thereof, the pleadings and files in the

1  Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be
2  presented to the Court in support of the Motion.
3
4
5                                          LAW OFFICES OF MICHAEL JAY BERGER
6
7  Dated:    6-14-11          By: _____
                                    Michael Jay Berger
8                                   Attorney for Debtor,
                                    Andrew Ariza
9

## I. FACTUAL BACKGROUND

On May 16, 2011, Andrew Ariza (the "Debtor"), filed his Chapter 11 bankruptcy petition. The Debtor resides at his home located at 1357-1359 Vienna Way, Venice, California 90291 (the "Vienna Property"). The Vienna Property is a duplex. The Debtor resides in 1359 Vienna Way and leases 1357 Vienna Way. See Declaration of Andrew Ariza (the "Ariza Declaration"), paragraph 2.

The Vienna Property is a duplex and is the subject of this motion. The Debtor resides in one of the units and rents the other unit. The Debtor intends to bring a motion for order to value collateral and avoid security interests (a "Valuation Motion") for the Vienna Property. See Ariza Declaration, paragraph 3.

The Debtor currently and historically generates income from two sources: from the Vienna Property and from the Debtor's job as a design and construction consultant. See Ariza Declaration, paragraph 4.

The Debtor proposes to use the collected rents and any other proceeds ("Cash Collateral"), from the Vienna Property only in an amount necessary to pay for the actual and necessary costs and expenses for the maintenance and preservation of the Vienna Property, including insurance obligations, utilities, maintenance of the Vienna Property, and marketing expenses to the extent necessary to keep the Vienna Property fully leased, up to and including July 1, 2011. Debtor will be making post-petition debt service obligations to Indymac Bank ("Indymac") and Wells Fargo Bank N.A. ("Wells Fargo"), but will not be making debt service obligations to Bay Area Financial Corp ("Bay Area"; collectively with Indymac and Wells Fargo, the "Secured Creditors") at this time. See Ariza Declaration, paragraph 5.

MOTION OF DEBTOR FOR AN ORDER AUTHORIZING
THE USE OF CASH COLLATERAL

The Vienna Property currently generates income of $3,500.00 per month. The Vienna Property has expenses, excluding debt service, of approximately $536.75 per month. The Debtor has established a separate rent collection account for the Vienna Property. The Vienna Property's scheduled value is $1,100,000.00. The Debtor anticipates that the $1,100,000.00 value will be confirmed by a later valuation order of the Court. See Ariza Declaration, paragraph 6.

All of the Debtor's income is derived from his job or from rental income associated with the Vienna Property. Absent the use of Cash Collateral to continue to maintain and preserve the Vienna Property, the Vienna Property will no longer be able to operate and the estate of the Debtor will suffer. The use of Cash Collateral to pay the necessary and essential expenses of operations and maintenance is in the best interest of the estate and its creditors, in that it will preserve and improve the value of the income stream constituting Cash Collateral and the value of the Vienna Property, for the benefit of the Debtor's estate and its creditors. See Ariza Declaration, paragraph 7.

The Debtor submits that the use of Cash Collateral for the purposes described herein provides adequate protection for the interests of the Secured Creditor in any diminution of such Cash Collateral. The use of cash collateral will preserve the value of Vienna Property. The Debtor proposes to adequately protect the liens of Indymac and Wells Fargo as follows: The Debtor will use the Cash Collateral only to the extent necessary to pay the actual, reasonable and necessary operating expenses relating to the Vienna Property. See Ariza Declaration, paragraph 8.

## II. ARGUMENT

The Debtor should be authorized to use the Cash Collateral to operate the Vienna Property because the continued operations and the concomitant use of the Cash Collateral will preserve the value of the Cash Collateral and of the Vienna Property for the benefit of the estate and the Secured Creditors.

"Cash collateral" is defined in 11 U.S.C. § 363(b)(1) as cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest, and includes the proceeds, products, offsprings or profits of property subject to a security interest as provided in 11 U.S.C. §552(b), whether existing before or after the commencement of the case.

Under 11 U.S.C. §363(c)(2), a Debtor may use cash collateral where: (1) each entity that has an interest in such cash collateral consents, or (2) the court authorizes such use after notice and hearing. See Freightliner Market Development v. Silver Wheel Freight, 823 F.2d 362, 367-68 (9th Cir. 1987). Under 11 U.S.C. §363(e), the court may condition the use of property, including cash collateral, as necessary to provide adequate protection of an entity's interest in such cash collateral. Adequate protection is related to the risk of "decrease in the value of [the secured creditor's] interest in such property." See 11 U.S.C. §361.

The general inquiry regarding the use of cash collateral by a Debtor is whether the secured creditor's interest in the cash collateral is adequately protected against a decrease in the value of such collateral. In re George Ruggiere Chrysler-Plymouth, Inc., 727 F.2d 1017, 1019 (11th Cir. 1984). Adequate protection, by its nature, must be determined on a case-by-case basis. In re Belco, Inc., 38 B.R. 525, 527 (Bankr. W.D.Okla. 1984). The issues to be determined are the value of the cash collateral and whether the proposed use of the cash collateral threatens that

value. In re George Ruggiere Chrysler-Plymouth, Inc., 727 F.2d at 1019. The value of the interest to be protected is the lesser of the amount of the claim or the net value of the collateral after the costs of collection have been considered. Id. at 1020; see also United Saving Association of Texas v. Timbers of Inwood Forest Associates, 484 U.S. 365 (1988).

If the collateral in which the creditor has a security interest is worth less than the amount owed to the creditor, the debtor in possession or Debtor must only provide adequate compensation to the extent that the value of the collateral is decreasing. Id. at 369; In re McCombs Properties VI, Ltd., 88 B.R. 261, 266 (Bankr. C.D.Cal. 1988) (recognizing in this post-Timbers case that adequate protection must be provided if the value of the collateral is likely to diminish during the time the cash collateral is used).

It is axiomatic that the use of cash collateral to pay for the ordinary and customary expenses of a rental property provides adequate protection for the interest of the secured creditor in such cash collateral. See e.g. In re Donato, 170 B.R. 247, 256 (Bankr. D. N. J. 1994); In re Morning Star Ranch Resorts, 64 B.R. 818, 822-23 (Bankr. D. Colo. 1986).

In the present case, the Debtor has proposed to use Cash Collateral only for those expenses necessary to preserve and protect the value of the Vienna Property. The Debtor has set up a separate cash collateral account for the Vienna Property and will be segregating rents in that account. The Debtor further proposes to provide all monthly operating reports that are provided to the Office of the United States Trustee, and any other reports reasonably requested, to the Secured Creditors. These procedures provide the appropriate level of adequate protection for the Secured Creditors interests in the Cash Collateral generated by the Vienna Property. See Ariza Declaration, paragraph 9.

The continued business operations and the concomitant use of the Cash Collateral of the Vienna Property are in the best interest of the Secured Creditors, the estate and all of its creditors because such activities are necessary to continue operation of the Vienna Property, preserve and maintain the Vienna Property, and maximize the value of the Vienna Property and the Debtor's estate.

### IV. CONCLUSION

Based upon the foregoing, the Debtor requests that the Court grant the relief requested.

Dated: June 13, 2011

**LAW OFFICES OF MICHAEL JAY BERGER**

By: _____
Michael Jay Berger
Counsel for Debtor,
Andrew Ariza

## DECLARATION OF ANDREW ARIZA

I, Andrew Ariza, declare and state as follows:

1. I am the debtor and debtor-in-possession in the above-captioned matter. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. On May 16, 2011, I filed my Chapter 11 bankruptcy petition. I reside at my home located at 1357-1359 Vienna Way, Venice, California 90291 (the "Vienna Property"). The Vienna Property is a duplex. I reside in 1359 Vienna Way and I lease 1357 Vienna Way.

3. The Vienna Property is a duplex and is the subject of this motion. I reside in one of the units and rent the other unit. I intend to bring a motion for order to value collateral and avoid security interests (a "Valuation Motion") for the Vienna Property.

4. I currently and historically generate income from two sources: from the Vienna Property and from the Debtor's job as a design and construction consultant.

5. I propose to use the collected rents and any other proceeds ("Cash Collateral"), from the Vienna Property only in an amount necessary to pay for the actual and necessary costs and expenses for the maintenance and preservation of the Vienna Property, including insurance obligations, utilities, maintenance of the Vienna Property, and marketing expenses to the extent necessary to keep the Vienna Property fully leased, up to and including July 1, 2011. I will be making post-petition debt service obligations to Indymac Bank ("Indymac") and Wells Fargo Bank NA ("Wells Fargo"), but will not be making debt service obligations to Bay Area Financial Corp ("Bay Area"; collectively with Indymac and Wells Fargo, the "Secured Creditors") at this time.

6. The Vienna Property currently generates income of $3,500.00 per month. The Vienna Property has expenses, excluding debt service, of approximately $536.75 per month. I have established a separate rent collection account for the Vienna Property. The Vienna Property's scheduled value is $1,100,000.00. The Debtor anticipates that the $1,100,000.00 value will be confirmed by a later valuation order of the Court.

7. All of my income is derived from my job or from rental income associated with the Vienna Property. Absent the use of Cash Collateral to continue to maintain and preserve the Vienna Property, the Vienna Property will no longer be able to operate my estate will suffer. The use of Cash Collateral to pay the necessary and essential expenses of operations and maintenance is in the best interest of the estate and its creditors, in that it will preserve and improve the value of the income stream constituting Cash Collateral and the value of the Vienna Property, for the benefit of my estate and the estate's creditors.

8. I submit that the use of Cash Collateral for the purposes described herein provides adequate protection for the interests of the Secured Creditor in any diminution of such Cash Collateral. The use of cash collateral will preserve the value of Vienna Property. I propose to adequately protect the liens of Indymac and Wells Fargo as follows: I will use the Cash Collateral only to the extent necessary to pay the actual, reasonable and necessary operating expenses relating to the Vienna Property.

9. In the present case, I have proposed to use Cash Collateral only for those expenses necessary to preserve and protect the value of the Vienna Property. I have set up a separate cash collateral account for the Vienna Property and will be segregating rents in that account. I further propose to provide all monthly operating reports that are provided to the Office of the United States Trustee, and any other reports reasonably requested, to the Secured

1. Creditors. These procedures provide the appropriate level of adequate protection for the Secured
2. Creditors interests in the Cash Collateral generated by the Vienna Property.
3.      10.    Attached hereto as Exhibit "1", and incorporated herein by this reference, is a true
4. and correct copy of the budget for the property located at 1357 Vienna Way, Venice, California
5. 90291.
6.
7.      I declare under penalty of perjury that the foregoing is true and correct and that this
8. declaration is executed on June 13th, 2011 at Los Angeles, California

*/s/ Andrew Ariza*
ANDREW ARIZA

MOTION OF DEBTOR FOR AN ORDER AUTHORIZING
THE USE OF CASH COLLATERAL

In re: Andrew Ariza
Debtor(s).

CASE NUMBER: 2:11-bk-31243-ER

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

A true and correct copy of the foregoing document described "**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL DECLARATION OF ANDREW ARIZA IN SUPPORT THEREOF**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __June 14, 2011__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __June 14, 2011__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2011 | Diana Zuniga | /s/ Diana Zuniga |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

## SERVICE LIST

**Served Via Electronic Notice**

United States Trustee
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov
dare.law@usdoj.gov
melanie.scott@usdoj.gov

Darlene C Vigil
cdcaecf@bdfgroup.com

Mehrdaud Jafarnia
bknotice@mccarthyholthus.com

**Served Via US Mail:**

Chambers of Judge Ernest M. Robles
United States Bankruptcy Court – Central District of CA
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, California 90012

**Secured Creditors**

Bay Area Financial Corp.
Agent for Service of Process
Vincent Lombardo
12400 Wilshire Blvd., Suite 230
Los Angeles CA. 90025

Indymac Bank
Attn:Bankruptcy
Po Box 4045
Kalamazoo, MI 49003

Wells Fargo Bank N A
Agent for Service of Process
Lawyers Incorporating Services
2730 Gateway Oaks Dr. Ste #100
Sacramento, CA. 95833

**Unsecured Creditors**

Bank of America
Attn: Bankruptcy Department
P.O. Box 26012
Greensboro, NC. 27410

Bank of America FIA Card
Attn: Bankruptcy Department
P.O Box 26012
Greensboro, NC. 27410

MOTION OF DEBTOR FOR AN ORDER AUTHORIZING
THE USE OF CASH COLLATERAL

| | |
|---|---|
| 1 | Cavalry Portfolio Service |
| 2 | Attn: Deborah Reilly |
|   | PO Box 1017 |
| 3 | Hawthorne, NY 10532 |
| 4 | Cba Collection Bureau |
|   | Po Box 5013 |
| 5 | Hayward, CA 94540 |
| 6 | Chase |
|   | 201 N. Walnut St//De1-1027 |
| 7 | Wilmington, DE 19801 |
| 8 | Credit Management |
|   | 4200 International Pwy |
| 9 | Carrolton, TX 75007 |
| 10 | Designed Receivable |
|    | 1 Centerpointe Drive, Suite 45 |
| 11 | La Palma, CA 90623 |
| 12 | Discover Fin |
|    | Po Box 6103 |
| 13 | Carol Stream, IL 60197 |
| 14 | Elvis Pmental |
|    | PO Box 2321 |
| 15 | Winnetka, CA 91396 |
| 16 | Fredrick Hanna & Associates |
|    | 1427 Roswell Rd |
| 17 | Marietta, GA 30062 |
| 18 | Internal Revenue Service |
|    | PO Box 7346 |
| 19 | Philadelphia, PA 19101-7346 |
| 20 | JPMorgan Chase Legal Dept. |
|    | John Nguyen |
| 21 | 300 S. Grand Ave, 4th Floor |
|    | Los Angeles, CA 90071 |
| 22 | |
| 23 | Marina Del Rey Hospital |
|    | 4650 Lincoln Blvd. |
|    | Marina Del Rey, CA 90292 |
| 24 | |
| 25 | Pineapple Pools, Inc. |
|    | PO Box 1352 |
|    | Moorpark, CA 93020 |
| 26 | |
| 27 | Rusher Air Conditioning |
|    | 19626 S. Normandie Ave. |
|    | Torrance, CA 90502 |
| 28 | |

MOTION OF DEBTOR FOR AN ORDER AUTHORIZING
THE USE OF CASH COLLATERAL