1    **BARRY R. GORE, ESQ. SBN 143278**
     **SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE**
2    **A Professional Law Corporation**
     **3424 Carson Street, Suite 350**
3    **Torrance, California 90503**
     **(310) 542-0111 Telephone**
4    **(310) 214-7254 Facsimile**

5    Bankruptcy Counsel to Creditor Bay Area Financial Corporation

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                         **LOS ANGELES DIVISION**

10

11   In re                                  Case No. 2:11-bk-31243-VZ

12   Andrew Ariza,                          Chapter 11

13                                          **OBJECTION TO DEBTOR'S MOTION**
              Debtor and Debtor in Possession.   **FOR ORDER AUTHORIZING THE USE**
14                                          **OF CASH COLLATERAL BY BAY AREA**
                                            **FINANCIAL CORPORATION;**
15                                          **DECLARATIONS OF VINCENT J.**
                                            **LOMBARDO AND SUSAN ROSALES IN**
16                                          **SUPPORT THEREOF**

17                                          **Date: July 19, 2011**
                                            **Time: 11:00 a.m.**
18                                          **Place: Courtroom 1568**

19

20        TO THE HONORABLE VINCENT P. ZURZOLO, JUDGE OF THE UNITED

21   STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, THE DEBTOR, HIS

22   COUNSEL, AND ALL INTERESTED PARTIES:

23        Secured Creditor Bay Area Financial Corporation ("Bay Area") hereby objects to the

24   Debtor's Motion For Order Authorizing The Use Of Cash Collateral (the "Motion") on the

25   grounds set forth below in the case of Andrew Ariza, the above-referenced debtor and debtor-in-

26   possession (the "Debtor"). Bay Area respectfully represents as follows:

27

                                          1

# I.

## INTRODUCTION[1]

By the Motion, the Debtor seeks to use cash collateral from rent of one unit of a duplex, where the Debtor lives in the other unit but pays nothing for rent, and he asserts without evidence[2] that Bay Area's claim, which is secured by a third deed of trust, is entirely unsecured. The Debtor also does not propose to make any payments to Bay Area to protect its claim from the decrease in cash collateral or to protect Bay Area's claim that is secured by the Property. However, Bay Area obtained a broker's opinion that the value of the duplex is $1,250,000, which (according to the Schedules) exceeds the loans that are prior to Bay Area's. Bay Area's claim is secured by both a third deed of trust on that duplex and by an assignment of rents to Bay Area from that duplex, so the Debtor is required to provide adequate protection. Bay Area concurs with the objections of the United States Trustee in its Objection to Motion to Approve Use of Cash Collateral [Docket No. 25] (the "UST Objection"). Accordingly, Bay Area objects to the Motion and respectfully requests that it be denied.

# II.

## BACKGROUND

Bay Area made a loan to the Debtor secured by the property located at 1357-1359 Vienna Way, Venice, California 90291 (the "Property"), which is property of the Debtor's estate. The loan was made pursuant to a promissory note ("Note") and the Deed of Trust and Assignment of Rents and Request for Special Notice ("Deed of Trust"). A true and correct copy of the Note is attached as Exhibit "A;" a true and correct copy of the Deed of Trust is

---

[1] Bay Area's objections are based on this Objection, the Declarations of Vincent J. Lombardo ("Lombardo Decl.") and Susan Rosales that are attached hereto, the arguments of counsel, the record in this case, any oral or documentary evidence presented at or prior to the hearing on the Motion, and any other admissible evidence properly brought before the Court.

[2] The Debtor obliquely bases the Motion on other pleadings in this case, and in the Schedules, Debtor takes the position that Bay Area's loan is unsecured, but the Motion does not provide those estimates or other evidence.

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

1    attached as Exhibit "B." Lombardo Decl. at ¶ 3.  The loan was originally secured by another

2    real property as well, but that real property was sold, Bay Area waived approximately $52,000

3    that it was owed by the Debtor to enable that sale to proceed, and the current amount that is

4    owed by the Debtor to Bay Area pursuant to the Note is approximately $250,000; this amount

5    does not include attorneys' fees and costs. *Id.*

6         Bay Area's claim is secured by the Property (to the extent the value of the Property

7    exceeds the unpaid first and second loans) and, in addition, it is secured by rents and other cash

8    collateral pursuant to the Deed of Trust.  Bay Area filed its Notice Of Non-Consent Of Use Of

9    Cash Collateral [Docket No. 22] ("Notice of Non-Consent").  A true and correct copy of the

10   Notice of Non-Consent is attached as Exhibit "C."  Lombardo Decl. at ¶ 4.

11        The Debtor alleges in the Motion that the value of the Property is $1,100,000, but the

12   Debtor does not provide any evidence that Bay Area is unsecured because the Debtor has not

13   provided evidence of the amounts of the loans that are be secured by the Property, so the Debtor

14   has not shown that Bay Area's claim is unsecured.  Bay Area  has obtained a Broker's opinion

15   of value of the Property.   A true and correct copy of that opinion is attached as Exhibit "D."

16   That opinion states that the Property's value is $1,250,000.  Declaration of Susan Rosales at ¶ 4.

17   Using the values alleged in the Debtor's Schedules for the first and second (which total

18   $1,172,487.00), Bay Area's claim is secured; Bay Area reserves all of its rights with respect to

19   its claim, including but not limited to the amount it is owed by the Debtor and the value of the

20   Property. Lombardo Decl. at ¶ 5.

21        By the Motion, the Debtor seeks to pay only the holders of the first and second deeds of

22   trust but not to pay any amount to Bay Area (because the Debtor asserts that Bay Area's claim

23   is unsecured), and to pay for the actual and necessary costs and expenses for the maintenance

24   and preservation the Property, including insurance obligations, utilities, maintenance of the

25   Vienna Property, and marketing expenses to the extent necessary to keep the Property fully

26   leased, up to and including July 1, 2011.  Motion at page 4, lines 16-26.  The Debtor says that

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

1    Exhibit 1 to the Motion is a budget for expenses, but there is no Exhibit attached to the Motion.

2    The Debtor's income statement, which is part of his petition, indicates that he has income of

3    $8,000 per month from his job and $3,500 from rent of the other unit of the Property.  A true

4    and correct copy of that page of the Debtor's petition is attached here to as Exhibit "E."

5    Lombardo Decl. at ¶ 7.

6        The Property is a duplex, where the Debtor lives in one unit and rents the other unit.

7    The Debtor states that the Property currently generates income of $3,500.00 per month, Motion

8    at page 5, line 1, but he does not address the fact that he should be paying rent for the unit in

9    which he lives.  If the units are similar, then the unit in which the Debtor lives should likely also

10    rent for $3,500 per month.  Lombardo Decl. at ¶ 5.

11        It is also not clear from the Motion if the Debtor seeks to rent out the unit in which he

12    lives and find a less expensive place to live, though he does mention that he seeks to use some

13    cash collateral for "marketing expenses to the extent necessary to keep the Property fully

14    leased." Lombardo Decl. at ¶ 6.

15        Finally, Bay Area agrees with the objections set forth in the UST Objection.  Lombardo

16    Decl. at ¶ 8.

17

### III.

18

### ANALYSIS

19    **A.**     **Bay Area's claim, which is secured by the Property, is not adequately**

20    **protected.**

21        For the reasons set forth in the UST Objection, Bay Area's claim, which is secured by

22    the Property, is not adequately protected.  UST Objection at pp. 1-4.

23    **B.**     **Bay Area's claim, which is secured by the rents from the Property, is not**

24    **adequately protected.**

25        It is clear that all rents, issues, and profits of any property described in the Deed of Trust

26    constitutes "Cash Collateral" as defined in Section 363(c) of the Bankruptcy Code and,

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

1  therefore, must be sequestered and segregated by the Debtor. *Scottsdale Medical Pavilion v.*

2  *Mutual Benefit Life Ins. Co. (In re Scottsdale Medical Pavilion)*, 159 B.R. 295, 301 (B.A.P. 9th

3  Cir. Ariz. 1993), aff'd by 52 F.3d 244, 245 (9th Cir. 1995); *In re Goco Realty Fund I*, 151 B.R.

4  241, 250 (Bankr. N.D. Cal. 1993) ("rents generated post-petition from the properties are cash

5  collateral").

6      It is also clear that a secured creditor with a security interest in rents that are cash

7  collateral "is entitled to adequate protection for their use." *In re Goco Realty Fund I*, 151 B.R.

8  at 250; *Wright v. Wash. Fed. Sav. (In re Wright)*, 2011 Bankr. LEXIS 1486, 10-12 (B.A.P. 9th

9  Cir. Mar. 14, 2011).

10     Section 361 of the Bankruptcy Code provides the options for adequate protection:

11         When adequate protection is required under section 362, 363, or 364 of
           this title [11 USCS § 362, 363, or 364] of an interest of an entity in property, such
12         adequate protection may be provided by—
               (1) requiring the trustee to make a cash payment or periodic cash
13         payments to such entity, to the extent that the stay under section 362 of this title
           [11 USCS § 362], use, sale, or lease under section 363 of this title [11 USCS §
14         363], or any grant of a lien under section 364 of this title [11 USCS § 364] results
           in a decrease in the value of such entity's interest in such property;
15             (2) providing to such entity an additional or replacement lien to the
           extent that such stay, use, sale, lease, or grant results in a decrease in the value of
16         such entity's interest in such property; or
               (3) granting such other relief, other than entitling such entity to
17         compensation allowable under section 503(b)(1) of this title [11 USCS §
           503(b)(1)] as an administrative expense, as will result in the realization by such
18         entity of the indubitable equivalent of such entity's interest in such property.

19  11 U.S.C. 361.

20     From the Motion, it is clear that the Debtor is not providing adequate protection for Bay

21  Area's secured interest in rents, which are cash collateral, because every payment from those

22  rents decreases the cash securing Bay Area's secured interest in those rents.

23     Finally, from the Debtor's income statement, the Debtor receives income of $8,000 per

24  month from his job and $3,500 from rent of the other unit of the Property, but he pays nothing

25  to live in the other unit of the Property.  Effectively, the Debtor has leased that unit to himself,

26  and the Debtor should be paying market rent to the Debtor's estate, and that rent should also be

27

1  cash collateral that secures Bay Area's claim, so the Debtor is further eroding the cash collateral

2  that secures Bay Area's claim.

3       Therefore, Bay Area is not receiving adequate protection for its interests in the Property

4  and cash collateral, and the Motion should be denied.

5                                    **IV.**

6                              **CONCLUSION**

7       For the foregoing reasons, Bay Area respectfully requests that the Motion be denied.

8

9  July 5, 2011                    SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE

10                                 A Professional Law Corporation

11                                 By: _____
                                       Barry R. Gore
12                                     Counsel to Bay Area Financial Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

## DECLARATION OF VINCENT J. LOMARDO

I, Vincent J. Lombardo, declare as follows:

1.      I am the Secretary and General Counsel to Bay Area Financial Corporation, ("Bay Area"). I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      I am one of the custodians of the books, records and files of Bay Area that pertain to the loans and extensions of credit given to Andrew Ariza (the "Debtor") in the above captioned proceeding, concerning the Property located at 1357-1359 Vienna Way, Venice, California 90291 (the "Property"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of Bay Area on behalf of Bay Area, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Bay Area's business at or near the time by a person who had personal knowledge of

3.      Bay Area made a loan to the Debtor secured by the Property, which is property of the Debtor's estate. The loan was made pursuant to a promissory note ("Note") and the Deed of Trust and Assignment of Rents and Request for Special Notice ("Deed of Trust"). A true and correct copy of the Note is attached as Exhibit "A." A true and correct copy of the Deed of Trust is attached as Exhibit "B." The loan was originally secured by another real property as well, but that real property was sold, Bay Area waived approximately $52,000 that it was owed by the Debtor to enable that sale to proceed, and the current amount that is owed by the Debtor

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

to Bay Area pursuant to the Note is approximately $250,000; this amount does not include

attorneys' fees and costs.

4.    Bay Area filed its Notice Of Non-Consent Of Use Of Cash Collateral [Docket

No. 22] ("Notice of Non-Consent"). A true and correct copy of the Notice of Non-Consent is

attached as Exhibit "C."

5.    Bay Area has obtained a Broker's opinion of value, which indicates that Bay

Area may be secured. A true and correct copy of that opinion is attached as Exhibit "D." Using

the values alleged in the Debtor's Schedules for the first and second (which total

$1,172,487.00), Bay Area's claim is secured. Bay Area reserves all of its rights with respect to

its claim, including but not limited to the amount it is owed by the Debtor and the value of the

Property.

6.    The Debtor states that the Property currently generates income of $3,500.00 per

month, Motion at page 5, line 1, but he does not address the fact that he should be paying rent to

the Debtor's estate for the unit in which he lives. If the units are similar, then the unit in which

the Debtor lives should likely also rent for $3,500 per month. It is not clear from the Motion if

the Debtor seeks to rent his unit of the duplex and find a less expensive place to live or if the

tenant that rents the other unit on a month to month basis is leaving.

7.    The Debtor's income statement, which is part of his petition, indicates that he

has income of $8,000 per month from his job and $3,500 from rent of the other unit of the

Property. A true and correct copy of that page of the Debtor's petition is attached here to as

Exhibit "E."

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

8.    Bay Area objects to the Debtor's use of cash collateral without providing Bay Area adequate protection of its interests in the Property and/or cash collateral, in which Bay Area holds a secured interest and agrees with the objections in the UST Objection.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on July _1_, 2011, at _LOS ANGELES_, California.

_Vincent J. Lombardo_

Vincent J. Lombardo

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

## DECLARATION OF SUSAN ROSALES

I, Susan Rosales, declare as follows:

1.       I am a licensed real estate agent with Coldwell Banker Residential Realty ("CB"); my Salesperson's license from the California Department of Real Estate is number 01053782.  I have personal knowledge of the following, or have gained such knowledge from my review of the records of CB, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.       I am one of the custodians of the books, records and files of CB that pertain to the property located at 1357-1359 Vienna Way, Venice, California 90291 (the "Property").  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of CB on behalf of CB, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of CB's business at or near the time by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

3.       I originally obtained by Salesperson license in 1989 and have been an active real estate agent since that time in handling sales and purchases of properties that are similar to the Property in Venice, California and surrounding areas.  I am not a licensed appraiser, nor is the appraisal of real property part of CB's core business.  However, as part of my real estate services, I regularly carry out market valuations of properties for owners to aid them in making decisions with respect to their properties.

4.       At the request of The Law Offices of Lombardo & Safford on behalf of Bay Area Financial Corporation ("Bay Area"), I analyzed the Property and provided my written

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

1   opinion ("Opinion") that the fair market value of the Property is $1,250,000. A true and correct

2   copy of the Opinion is attached as Exhibit "D" to the Motion.  The other information that I

3   considered in determining the value of the Property is described in the Opinion, which is

4   incorporated herein by this reference in its entirety.  This confirms that my opinion of the value

5   of the Property is $1,250,000.

6          I declare under penalty of perjury under the laws of the State of California that the

7   foregoing is true and correct and that this Declaration is executed on July 1, 2011, at

8

9   _Venice_____, California.

10                                                  _Susan Rosales_____

11                                                  Susan Rosales

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL

EXHIBIT "A"

# CONSTRUCTION
# OPTIONAL    ADVANCE    NOTE
### (Variable Note)

$975,750.00 Plus Interest                Los Angeles, California
                                         September 13, 2006

### "THIS IS A VARIABLE RATE LOAN - BALLOON PAYMENT"

FOR VALUE RECEIVED, the undersigned hereby promises to pay to BAY AREA FINANCIAL CORPORATION, or order, at 12400 Wilshire Boulevard, Suite 230, Los Angeles, California the principal sum of **$975,750.00**, or so much thereof as shall at any time be advanced by the Lender, plus interest on the unpaid principal balance as provided below. All or any part of the principal on this note may be borrowed, repaid and re-borrowed from time to time prior to maturity. Loans hereunder may be made upon the oral or written request of any person authorized in the resolution on file with BAY AREA FINANCIAL CORPORATION.

This is a variable interest rate note and the interest rate may increase or decrease depending upon subsequent changes in the prime rate of interest. The "prime rate of interest" is the prime rate announced as being charged by Wells Fargo Bank of California, from time to time. Should at any time, Wells Fargo Bank cease announcing a prime rate of interest then "prime rate of interest" under this note shall mean whatever reference rate Wells Fargo Bank does announce as being a substitute for its prime rate of interest. Interest on this note shall be computed on the basis of a 360 day year for actual days elapsed.

This is a variable interest rate loan and the interest rate will increase or decrease with changes in the prime loan rate. This interest rate will be 5.00 percentage points above the prime loan rate. The initial prime loan rate is **eight one-quarter** percent **(8.25%)** which is the published rate as of **September 11, 2006**; therefore, the initial interest rate is **13.25%** per year. As the prime rate of interest increases or decreases, the rate of interest hereunder shall correspondingly increase or decrease so that the interest rate shall at all times be equal to 5.00 percentage points higher than the prime rate on a daily basis.

Interest will be payable in monthly installments which installments are due on the      day of each month commencing

Loan No. 23591.06                1

**October**  , **2006** and continuing thereafter until this note has been paid in full.   Principal shall be payable in full on **March**  , **2007** ("the final maturity date"), together with (1) all accrued and unpaid interest and (2) all sums which are owed to BAY AREA FINANCIAL CORPORATION under the terms of this note including but not limited to late charges, costs of any kind or nature, and/or advancements of any kind or nature made by BAY AREA FINANCIAL CORPORATION for the protection of the liens on the real property which is security for this note.

This note is secured by two (2) deeds of trust of even date herewith to Job Insurance Agency, a California corporation, as Trustee, and reference is made to such Deed of Trust for rights to acceleration of the indebtedness evidenced by this note, including the following paragraph:

> "If the Trustor shall sell, convey or alienate the property herein described, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, the Beneficiary shall have the right at its option to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable."

In the event of failure to pay principal or interest under this note when due, or in the event of default under any agreement between the undersigned and BAY AREA FINANCIAL CORPORATION may, at its election and without notice to undersigned, declare the entire unpaid balance hereof together with all accrued interest immediately due and payable.

Payments on this note shall be credited first to interest then due and the remainder to principal.  If this note is not paid when due, the undersigned promises to pay all costs of collection and reasonable attorneys' fees incurred by Bank whether or not suit is filed hereon.

If any installment of principal or interest hereunder is not paid when due, the holder shall have the following rights in addition to the rights set forth in the preceding paragraph:  (a) the right to add unpaid interest to principal and to have such

Loan No. 23591.06                    2

amount thereafter bear interest as provided in this note, and (b) if any installment is more than ten (10) days past due, the right to collect a charge of six percent (6%) of the delinquent payment or fifteen dollars ($15.00) whichever is greater.  This charge is the result of a reasonable endeavor by the undersigned and the holder to estimate the holder's added costs and damages resulting from the undersigned's failure to timely make payments under this note, hence the undersigned agrees that the charge shall be presumed to be the amount of damage sustained by the holder since it is extremely difficult to determine the actual amount necessary to reimburse the holder for such damages.  If this note is not paid when due, the undersigned further promises to pay all costs of collection, foreclosure fees and reasonable attorneys' fees incurred by the holder whether or not suit is filed hereon.

In the event of a default under this note, including but not limited to:  nonpayment of any installment of principal or interest within ten (10) days of its designated due date; failure to pay insurance premiums or property taxes; transfer of title, the remaining principal balance shall bear interest at a rate of interest which shall be eight percent (8%) higher than the aforementioned prime rate of interest until this note has been paid in full.

No transfer of an interest by the beneficiary in this Note shall be effective unless notice of such transfer, including the name and address of the transferee, has been provided to you.  If such transferee does not provide you with satisfactory evidence that it is not a foreign corporation or nonresident alien, you shall have the right to withhold tax from the payments due to such transferee as required under the Internal Revenue Code or applicable state law, and the withholding of such interest shall not constitute a default under this Note or the Deeds of Trust securing the same.

This note is secured by one (1) trust deed on the properties commonly known as **3710 Grand View Blvd., Los Angeles, CA 90066 and 1357-1359 Vienna Way, Venice, CA 90291 and personal guarantee of Mark Kaplan secured by the property located at 12122 Victoria Avenue, Los Angeles, CA 90066.**

The undersigned may prepay all or any part of this note at any time without penalty or premium whatsoever by paying the balance owing plus all accrued and unpaid interest thereon.

Loan No. 23591.06                    3

Presentment of payment, notice of dishonor, protest, and notice of protest are expressly waived. No delay or omission by Bank to exercise any right hereunder, whether before or after the happening of any event of default, shall impair any such right or shall be construed as a waiver thereof or of any such event of default. This note cannot be changed, modified, amended or terminated orally.

Dated: September 13, 2006

BORROWER(S):

_____
ANDREW ARIZA

WITNESS

_____

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated March    ,2007, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06. It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) weeks from the date of expiration, up to and including April 26, 2007. Said loan shall be paid off in its entirety on or before April 26, 2007. Further, this agreement does not waive the borrower's monthly payments which are due on or before March 15, 2007, and the 15th day thereafter until paid in full in the approximate sum of $11,133.04. All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $3,150.00 representing the extension fee, and an attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $3,500.00 representing the extension fee and the documentation fee. All other terms and conditions of the original

loan shall be held in full force and effect.

**BAY AREA FINANCIAL CORPORATION**

BY: _____        _____

ANDREW ARIZA

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated April     ,2007, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06. It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of three (3) months from the date of expiration, up to and including July 26, 2007. Said loan shall be paid off in its entirety on or before July 26, 2007. Further, this agreement does not waive the borrower's monthly payments which are due on or before April 26, 2007, and the 26th day thereafter until paid in full in the approximate sum of $11,133.04. All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $7,318.13 representing the extension fee (3/4 pt), and an attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $7,668.13 representing the extension fee and the documentation fee. All other terms and conditions of the original

loan shall be held in full force and effect.

**BAY AREA FINANCIAL CORPORATION**

BY:_____

ANDREW ARIZA

5/6/07

# LOAN EXTENSION AGREEMENT

## BY AND BETWEEN

## BAY AREA FINANCIAL CORPORATION, LENDERS

## AND

## ANDREW ARIZA, BORROWER

This agreement dated August    ,2007, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06.  It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including January 26, 2008.  Said loan shall be paid off in its entirety on or before January 26, 2008.  Further, this agreement does not waive the borrower's monthly payments which are due on or before August 26, 2007, and the 26th day thereafter until paid in full in the approximate sum of $4,475.55.  All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $5,700.00 representing the extension fee of one and one-half (1 ½) point, attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $6,050.00 representing the extension fee, and the documentation fee, and any extension thereto.  All other terms and

conditions of the original loan and any extensions thereto shall be
held in full force and effect.

BAY AREA FINANCIAL CORPORATION

BY:_____              _____
                                          ANDREW ARIZA

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated ~~January~~ *FEBRUARY* 19*th*, 2008, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06.  It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including July 26, 2008.  Said loan shall be paid off in its entirety on or before July 26, 2008.  Further, this agreement does not waive the borrower's monthly payments which are due on or before January 26, 2008, and the 26th day thereafter until paid in full in the approximate sum of $4,008.48.  All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $5,700.00 representing the extension fee of one and one-half (1 ½) point, attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $6,050.00 representing the extension fee, and the documentation fee, and any extension thereto.  All other terms and

conditions of the original loan and any extensions thereto shall be
held in full force and effect.

BAY AREA FINANCIAL CORPORATION

BY:_____

ANDREW ARIZA

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated August    ,2008, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06.   It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including January 26, 2009.   Said loan shall be paid off in its entirety on or before January 26, 2009.   Further, this agreement does not waive the borrower's monthly payments which are due on or before August 26, 2008, and the 26th day thereafter until paid in full in the approximate sum of $3,166.67.   All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $5,700.00 representing the extension fee of one and one-half (1 ½) point, attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $6,050.00 representing the extension fee, and the documentation fee, and any extension thereto.   All other terms and

conditions of the original loan and any extensions thereto shall be held in full force and effect.

**BAY AREA FINANCIAL CORPORATION**

BY:_____

ANDREW ARIZA