**BARRY R. GORE, ESQ. SBN 143278**
**MARK J. SARNI, ESQ. SNB 164364_**
**SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE**
**A Professional Law Corporation**
**3424 Carson Street, Suite 350**
**Torrance, California 90503**
**(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Bankruptcy Counsel to Creditor Bay Area Financial Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:11-bk-31243-VZ |
| Andrew Ariza, | Chapter 11 |
| Debtor and Debtor in Possession. | **OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND AVOID SECURITY INTEREST (VIENNA WAY); DECLARATION OF VINCENT J. LOMBARDO IN SUPPORT THEREOF** |
| | **Date: August 23, 2011**<br>**Time: 11:00 a.m.**<br>**Place: Courtroom 1568** |

TO THE HONORABLE VINCENT P. ZURZOLO, JUDGE OF THE UNITED

STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, THE DEBTOR, HIS

COUNSEL, AND ALL INTERESTED PARTIES:

///

///

///

///

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

1        Secured Creditor Bay Area Financial Corporation ("Bay Area") hereby objects[1] to the

2  Debtor's Motion For Order To Value Collateral And A Void Security Interest (Vienna Way)

3  (the "Motion to Value") on the grounds set forth below in the case of Andrew Ariza, the above-

4  referenced debtor and debtor-in-possession (the "Debtor").  Bay Area respectfully represents as

5  follows:

6

**I.**

7

**INTRODUCTION[2]**

8        By way of its Motion, the Debtor seeks to strip the lien of Bay Area against the Debtor's

9  duplex in Venice, California.  Bay Area objects to the relief sought in the Motion on several

10  bases.  First, Bay Area has not been afforded a reasonable opportunity to engage in discovery as

11  it would in an adversary proceeding, which is the appropriate proceeding for the relief requested

12  by the Motion to Value in this chapter 11 case.[3]

13        Second, the Motion to Value seeks to set the value of the property for purposes of plan

14  confirmation, but no plan or disclosure statement has been filed, and the hearing on the

15  disclosure statement is not scheduled until February 23, 2012.  Even if the Debtor's appraisal

16  were admissible (discussed below),  its effective date – March 10, 2011 – makes it obsolete for

17  determining value as of the date of plan confirmation, which will not occur until <u>at least</u> the

18  spring of 2012.

19

---

20  [1]  The Motion to Value actually states that responses to it are due 14 days <u>after service</u> of the

21  Motion to Value, which would result in a due date of August 16, 2011, but it also refers to Local Bankruptcy Rule 9013-1(f)(1), which requires a written response not later than 14

22  days before the date designated for hearing, which would be August 9, 2011.

23  [2]  Bay Area's objections are based on this Objection, the Declaration of Vincent J. Lombardo ("Lombardo Decl.") that is attached hereto, the arguments of counsel, the record in this case,

24  any oral or documentary evidence presented at or prior to the hearing on the Motion, and any other admissible evidence properly brought before the Court.

25  [3]  Bay Area has also filed a motion to continue the hearing on the Motion to Value because, if

26  the Court determines to hear the Motion to Value, rather than require an adversary proceeding for the relief requested therein, Bay Area seeks additional time to engage in

27  reasonable discovery as further explained therein.

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

1    Third, the Debtor offers an appraisal (dated March 10, 2011) with a supporting

2  declaration of Paul Fletcher (the "Declarant") as evidence of value; however that declaration

3  should be stricken because the evidence offered by the Declarant is incompetent, objectionable,

4  inadmissible, and without a proper legal foundation, as further set forth in Bay Area's

5  evidentiary objection, which is being filed by Bay Area concurrently herewith.  Bay Area has

6  requested an MIA appraisal on an expedited basis and will provide it to the Court as soon as it is

7  available. Based on all of the foregoing, Bay Area objects to the Motion and respectfully

8  requests that it be denied.

9                                     **II.**

10                              **BACKGROUND**

11    The Debtor filed a Chapter 11 bankruptcy petition to commence this case on May 16,

12  2011 (the "Petition Date").  The Debtor is the debtor and debtor-in-possession in this case.

13    Bay Area made a loan to the Debtor secured by the property located at 1357-1359

14  Vienna Way, Venice, California 90291 (the "Property"), which is property of the Debtor's

15  estate.  The loan was made pursuant to a promissory note ("Note") and the Deed of Trust and

16  Assignment of Rents and Request for Special Notice ("Deed of Trust").  A true and correct

17  copy of the Note is attached as Exhibit "A," and a true and correct copy of the Deed of Trust is

18  attached as Exhibit "B." Lombardo Decl. at ¶ 3.

19    The current amount owed by the Debtor to Bay Area pursuant to the Note is

20  approximately $250,000, exclusive of attorneys' fees and costs.  *Id.*

21    Bay Area's claim is secured by: (1) the Property (to the extent the value of the Property

22  exceeds the unpaid first and second loans) and, (2) rents and other cash collateral ("Cash

23  Collateral") pursuant to the Deed of Trust.  Lombardo Decl. at ¶ 4.

24    The Debtor, concurrently with filing the Motion, also filed the "Motion For Order

25  Authorizing The Use Of Cash Collateral" [Docket No. 36] ("Cash Collateral Motion").  Bay

26  Area is filing an objection to that motion concurrently herewith.

27

3

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

1    Bay Area has also filed its "Ex Parte Motion By Bay Area Financial Corporation For

2   Continuance Of Hearing On Motion For Order To Value Collateral And A Void Security

3   Interest (Vienna Way) [Docket No. 37]" because, if the Court determines to hear the Motion to

4   Value (rather than require an adversary proceeding), then Bay Area will require a reasonable

5   amount of time engage in discovery.

6    By the Motion to Value, the Debtor seeks to value the Property at $1,100,000 based

7   solely on an appraisal by Paul Fletcher, who provided his declaration ("Fletcher Declaration")

8   in support of the Motion to Value.  Bay Area objects to the Fletcher Declaration on the grounds

9   set forth in the "Evidentiary Objection To And Motion To Strike Portions Of Declaration Of

10  Paul Fletcher In Support Of Motion For Order To Value Collateral And A Void Security

11  Interest (Vienna Way)" ("Evidentiary Objection"), which is being filed concurrently herewith.

12  The Evidentiary Objection is incorporated in its entirety by this reference.

13    Further, the Debtor seeks to use this valuation for plan confirmation purposes

14  (ostensibly as a basis to strip Bay Area's lien).  However, no plan confirmation will occur until

15  at least the spring of 2012, as the first disclosure statement hear is set for February 23, 2012.

16  However, the Debtor's appraisal (even if it were accepted as evidence of value) is dated March

17  10, 2011, so it will be outdated by approximately one year at the time of the initial disclosure

18  statement hearing, and will be even more out of date to the extent that the disclosure statement

19  hearing is continued.  Further, as of this time, the Debtor has not filed a plan or disclosure

20  statement.  A true and correct copy of the Court's docket for this case, evidencing the lack of

21  any disclosure statement having been filed, is attached as Exhibit "C."

22    Bay Area has requested an MAI appraisal of the Property (the "BAF Appraisal") on an

23  expedited basis but has not yet received it.  However, Bay Area will provide a copy of the BAF

24  Appraisal to the Court as soon as it is available. Lombardo Decl. at ¶ 5.  In addition, Bay Area

25  also seeks additional time to have a qualified expert review the Debtor's Appraisal consistent

26  with discovery in an adversary proceeding on a variety of relevant issues.  By way of example,

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

1    but not limitation, the Debtor's Appraisal does not appear to consider the rent from the rented

2    unit in the opinion of value, a consideration that would presumably support a higher valuation

3    based on the cash flow of the property.

4       Based on its initial review of the Debtor's Appraisal, Bay Area has concluded that the

5    Debtor's Appraisal, which is as of March 10, 2011, would not be considered persuasive

6    evidence of value of the Property approximately a year later in 2012. Moreover, even if the

7    value is of the Property is to be set as of the confirmation date for a plan of reorganization, then

8    the Debtor and Bay Area will need to obtain new appraisals, or at least update the previously

9    issued appraisals, to determine the accurate value of the Property as of the appropriate later date.

10                              **III.**

11                       **ANALYSIS**

12      **A.**      **In Chapter 11, an Adversary Proceeding is Used to Value Property for**

13    **Purposes of Plan Confirmation.**

14       The relief sought by the Motion to Value should be sought in an adversary proceeding.

15    Fed. R. Bankr. Proc. 7001 ("The following are adversary proceedings: . . . (2) a proceeding to

16    determine the validity, priority, or extent of a lien or other interest in property, other than a

17    proceeding under Rule 4003(d)"); see, e.g., In re J.D. Jones Bi-Rite Grocery, 36 B.R. 599, 600

18    (Bankr. M.D. Tenn. 1983) ("This matter is before the court on the debtor['s] . . . complaint to

19    determine the nature, extent and validity of the creditor Robert Tarpley's lien in certain real

20    property located in Rutherford County, Tennessee.").

21       In addition, the Debtor should be required to seek the relief sought in conjunction with

22    plan confirmation, not a motion to use cash collateral. 11 U.S.C. § 506(a)(1) ("Such value shall

23    be determined in light of the purpose of the valuation and of the proposed disposition or use of

24    such property, and in conjunction with any hearing on such disposition or use or on a plan

25    affecting such creditor's interest."). However, if the Court determines allows the Motion to

26    Value to proceed at this time, then Bay Area should at least be given a reasonable opportunity

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

1   to engage in discovery and other activites in order to  achieve the intended purpose of the

2   valuation.  In particular, Bay Area should have a fair opportunity to obtain its own appraisal

3   (which it has already requested on an expedited basis), to have an expert review and comment

4   on  the Debtor's Appraisal (to the extent it is admissible), and to depose the Debtor's appraiser.

5       **B.      The Motion to Value Cannot Seek Valuation for Purposes of Plan**

6   **Confirmation at this Time.**

7       The Debtor seeks in the Motion to Value to set the value of the Property for purposes of

8   plan confirmation (Motion at p. 6, lines 9-15).

9       Section 506(a) (1) of the Bankruptcy Code states that when a party seeks to determine

10  value of property, "[s]uch value shall be determined in light of the purpose of the valuation and

11  of the proposed disposition or use of such property, and in conjunction with any hearing on such

12  disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. 506(a)(1).

13      However, the Debtor has not filed a plan or disclosure statement, and the initial hearing

14  on a disclosure statement is currently set for February 23, 2012, which is approximately eleven

15  (11) months after the date of the Debtor's Appraisal.  A hearing on plan confirmation, therefore,

16  will not occur until at <u>at least a year after</u> the date of the Debtor's Appraisal, and perhaps even

17  much later in the forseeable event that the initial disclosure statement hearing is continued one

18  or more times. If the value of the Property is to be determined  as of the confirmation date,

19  which will not occur (if at all) until after approval of a disclosure statement over a year from

20  now, then the parties should not expend resources or burden the Court with this issue until the

21  appropriate time.

22      **C.      The Debtor's Appraisal is Inadmissible and Should be Stricken.**

23  Notwithstanding the foregoing legal and procedural concerns, the Debtor's Appraisal is

24  Inadmissible due to, among other things, the inadequacy of the supporting declaration provided

25  by the Debtor's appraiser.  Bay Area's objections in this regard are set forth in further detail in

26  the Evidentiary Objection To And Motion To Strike Portions Of Declaration Of Paul Fletcher In

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

1    Support Of Motion For Order To Value Collateral And A Void Security Interest (Vienna Way)

2    filed by Bay Area contemporaneously herewith.

3

4 **IV.**

5 **CONCLUSION**

6      For the foregoing reasons, Bay Area respectfully requests that the Motion be denied or,

7    in the alternative, be continued to a more appropriate date.

8

9

10    August 9, 2011                  SMITH | CAMPBELL | CLIFFORD | KEARNEY |

11                              GORE, APLC

12                       By: _____

13                           Barry R. Gore

                            Counsel to Bay Area Financial Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

# DECLARATION OF VINCENT J. LOMARDO

I, Vincent J. Lombardo, declare as follows:

1.      I am the Secretary and General Counsel to Bay Area Financial Corporation, ("Bay Area"). I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      I am one of the custodians of the books, records and files of Bay Area that pertain to the loans and extensions of credit given to Andrew Ariza (the "Debtor") in the above captioned proceeding, concerning the Property located at 1357-1359 Vienna Way, Venice, California 90291 (the "Property"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of Bay Area on behalf of Bay Area, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Bay Area's business at or near the time by a person who had personal knowledge of

3.      Bay Area made a loan to the Debtor secured by the Property, which is property of the Debtor's estate. The loan was made pursuant to a promissory note ("Note") and the Deed of Trust and Assignment of Rents and Request for Special Notice ("Deed of Trust"). A true and correct copy of the Note is attached as Exhibit "A." A true and correct copy of the Deed of Trust is attached as Exhibit "B." The loan was originally secured by another real property as well, but that real property was sold, Bay Area waived approximately $52,000 that it was owed by the Debtor to enable that sale to proceed, and the current amount that is owed by the Debtor

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST (VIENNA WAY)

to Bay Area pursuant to the Note is approximately $250,000; this amount does not include

attorneys' fees and costs.

4.      Bay Area has requested an MAI appraisal on an expedited basis and will provide

it to the Court when it is available.  Bay Area reserves all of its rights with respect to its claim,

including but not limited to the amount it is owed by the Debtor and the value of the Property

Bay Area's claim is secured by the Property (to the extent the value of the Property exceeds the

unpaid first and second loans) and, in addition, it is secured by rents and other cash collateral

("Cash Collateral") pursuant to the Deed of Trust.

5.      Bay Area has also filed its "Ex Parte Motion By Bay Area Financial Corporation

For Continuance Of Hearing On Motion For Order To Value Collateral And A Void Security

Interest (Vienna Way) [Docket No. 37]," because if the Court determines to hear the Motion to

Value (rather than require an adversary proceeding), then Bay Area seeks appropriate time

engage in discovery.

6.      Bay Area objects to the relief sought in the Motion because the Debtor offers an

appraisal dated March 10, 2011 but asserts it should be used for plan confirmation, which will

not occur until the spring of 2012.  A true and correct copy of the Court's docket for this case is

attached as Exhibit "C."

7.      Bay Area has filed a motion to request a continuance of the hearing on the

Motion to Value in case the Court determines to allow the Motion to Value to proceed on its

merits (rather than require an adversary proceeding) because (1) it seeks additional time to do

discovery and obtain its own appraisal, which has already been requested on an expedited basis,

(2) this type of relief is usually sought in an adversary proceeding in Chapter 11 cases, and (3)

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST
(VIENNA WAY)

the Debtor seeks valuation to be effective for plan confirmation, but a hearing on a plan will not occur until the spring of 2012.

8.      I am an attorney, and I have represented lenders on making loans on properties that are similar to the Property since 1973. Based on my experience, the Debtor's Appraisal, which is as of March 10, 2011, would not be considered persuasive evidence of value of the Property approximately a year later in 2012.

9.      Based on my experience, if the value is to be set as of the confirmation date for a plan of reorganization, then the Debtor and Bay Area will need to obtain new appraisals, or update previously issued appraisals, to determine value as of the appropriate later date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on August 9, 2011, at LOS ANGELES, California.

Vincent J. Lombardo

OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND A VOID SECURITY INTEREST (VIENNA WAY)

EXHIBIT "A"

# C O N S T R U C T I O N
# O P T I O N A L   A D V A N C E   N O T E
### (Variable Note)

$975,750.00 Plus Interest

Los Angeles, California
September 13, 2006

### "THIS IS A VARIABLE RATE LOAN - BALLOON PAYMENT"

FOR VALUE RECEIVED, the undersigned hereby promises to pay to BAY AREA FINANCIAL CORPORATION, or order, at 12400 Wilshire Boulevard, Suite 230, Los Angeles, California the principal sum of $975,750.00, or so much thereof as shall at any time be advanced by the Lender, plus interest on the unpaid principal balance as provided below. All or any part of the principal on this note may be borrowed, repaid and re-borrowed from time to time prior to maturity. Loans hereunder may be made upon the oral or written request of any person authorized in the resolution on file with BAY AREA FINANCIAL CORPORATION.

This is a variable interest rate note and the interest rate may increase or decrease depending upon subsequent changes in the prime rate of interest. The "prime rate of interest" is the prime rate announced as being charged by Wells Fargo Bank of California, from time to time. Should at any time, Wells Fargo Bank cease announcing a prime rate of interest then "prime rate of interest" under this note shall mean whatever reference rate Wells Fargo Bank does announce as being a substitute for its prime rate of interest. Interest on this note shall be computed on the basis of a 360 day year for actual days elapsed.

This is a variable interest rate loan and the interest rate will increase or decrease with changes in the prime loan rate. This interest rate will be 5.00 percentage points above the prime loan rate. The initial prime loan rate is **eight one-quarter** percent (**8.25%**) which is the published rate as of **September 11, 2006**; therefore, the initial interest rate is **13.25%** per year. As the prime rate of interest increases or decreases, the rate of interest hereunder shall correspondingly increase or decrease so that the interest rate shall at all times be equal to 5.00 percentage points higher than the prime rate on a daily basis.

Interest will be payable in monthly installments which installments are due on the       day of each month commencing

Loan No. 23591.06                    1

October   , 2006 and continuing thereafter until this note has been paid in full.  Principal shall be payable in full on **March** , **2007** ("the final maturity date"), together with (1) all accrued and unpaid interest and (2) all sums which are owed to BAY AREA FINANCIAL CORPORATION under the terms of this note including but not limited to late charges, costs of any kind or nature, and/or advancements of any kind or nature made by BAY AREA FINANCIAL CORPORATION for the protection of the liens on the real property which is security for this note.

   This note is secured by two (2) deeds of trust of even date herewith to Job Insurance Agency, a California corporation, as Trustee, and reference is made to such Deed of Trust for rights to acceleration of the indebtedness evidenced by this note, including the following paragraph:

>      "If the Trustor shall sell, convey or
> alienate the property herein described, or any
> interest therein, or shall be divested of his
> title or any interest therein in any manner or
> way, whether voluntarily or involuntarily, without
> the written consent of the Beneficiary being first
> had and obtained, the Beneficiary shall have the
> right at its option to declare any indebtedness or
> obligations secured hereby, irrespective of the
> maturity date specified in any note evidencing
> the same, immediately due and payable."

   In the event of failure to pay principal or interest under this note when due, or in the event of default under any agreement between the undersigned and BAY AREA FINANCIAL CORPORATION may, at its election and without notice to undersigned, declare the entire unpaid balance hereof together with all accrued interest immediately due and payable.

   Payments on this note shall be credited first to interest then due and the remainder to principal.  If this note is not paid when due, the undersigned promises to pay all costs of collection and reasonable attorneys' fees incurred by Bank whether or not suit is filed hereon.

   If any installment of principal or interest hereunder is not paid when due, the holder shall have the following rights in addition to the rights set forth in the preceding paragraph:  (a) the right to add unpaid interest to principal and to have such

Loan No. 23591.06              2

amount thereafter bear interest as provided in this note, and (b) if any installment is more than ten (10) days past due, the right to collect a charge of six percent (6%) of the delinquent payment or fifteen dollars ($15.00) whichever is greater.  This charge is the result of a reasonable endeavor by the undersigned and the holder to estimate the holder's added costs and damages resulting from the undersigned's failure to timely make payments under this note, hence the undersigned agrees that the charge shall be presumed to be the amount of damage sustained by the holder since it is extremely difficult to determine the actual amount necessary to reimburse the holder for such damages.  If this note is not paid when due, the undersigned further promises to pay all costs of collection, foreclosure fees and reasonable attorneys' fees incurred by the holder whether or not suit is filed hereon.

In the event of a default under this note, including but not limited to: nonpayment of any installment of principal or interest within ten (10) days of its designated due date; failure to pay insurance premiums or property taxes; transfer of title, the remaining principal balance shall bear interest at a rate of interest which shall be eight percent (8%) higher than the aforementioned prime rate of interest until this note has been paid in full.

No transfer of an interest by the beneficiary in this Note shall be effective unless notice of such transfer, including the name and address of the transferee, has been provided to you.  If such transferee does not provide you with satisfactory evidence that it is not a foreign corporation or nonresident alien, you shall have the right to withhold tax from the payments due to such transferee as required under the Internal Revenue Code or applicable state law, and the withholding of such interest shall not constitute a default under this Note or the Deeds of Trust securing the same.

This note is secured by one (1) trust deed on the properties commonly known as **3710 Grand View Blvd., Los Angeles, CA 90066 and 1357-1359 Vienna Way, Venice, CA 90291 and personal guarantee of Mark Kaplan secured by the property located at 12122 Victoria Avenue, Los Angeles, CA 90066.**

The undersigned may prepay all or any part of this note at any time without penalty or premium whatsoever by paying the balance owing plus all accrued and unpaid interest thereon.

Loan No. 23591.06                    3

Presentment of payment, notice of dishonor, protest, and notice of protest are expressly waived. No delay or omission by Bank to exercise any right hereunder, whether before or after the happening of any event of default, shall impair any such right or shall be construed as a waiver thereof or of any such event of default. This note cannot be changed, modified, amended or terminated orally.

Dated: September 13, 2006

BORROWER(S):

_____
ANDREW ARIZA

WITNESS

Loan No. 23591.06                    4

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated March     ,2007, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06. It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) weeks from the date of expiration, up to and including April 26, 2007. Said loan shall be paid off in its entirety on or before April 26, 2007. Further, this agreement does not waive the borrower's monthly payments which are due on or before March 15, 2007, and the 15th day thereafter until paid in full in the approximate sum of $11,133.04. All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $3,150.00 representing the extension fee, and an attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $3,500.00 representing the extension fee and the documentation fee. All other terms and conditions of the original

loan shall be held in full force and effect.

**BAY AREA FINANCIAL CORPORATION**

BY: _____

_____
ANDREW ARIZA

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER


This agreement dated April    ,2007, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06.  It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of three (3) months from the date of expiration, up to and including July 26, 2007.  Said loan shall be paid off in its entirety on or before July 26, 2007.  Further, this agreement does not waive the borrower's monthly payments which are due on or before April 26, 2007, and the 26th day thereafter until paid in full in the approximate sum of $11,133.04.  All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $7,318.13 representing the extension fee (3/4 pt), and an attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $7,668.13 representing the extension fee and the documentation fee.  All other terms and conditions of the original

loan shall be held in full force and effect.

BAY AREA FINANCIAL CORPORATION

BY:_____

ANDREW ARIZA

5/6/07

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated August    ,2007, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06.  It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including January 26, 2008.  Said loan shall be paid off in its entirety on or before January 26, 2008.  Further, this agreement does not waive the borrower's monthly payments which are due on or before August 26, 2007, and the 26th day thereafter until paid in full in the approximate sum of $4,475.55.  All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $5,700.00 representing the extension fee of one and one-half (1 ½) point, attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $6,050.00 representing the extension fee, and the documentation fee, and any extension thereto.  All other terms and

conditions of the original loan and any extensions thereto shall be

held in full force and effect.

BAY AREA FINANCIAL CORPORATION

BY:_____

ANDREW ARIZA

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated ~~January~~ *February* 19th, 2008, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06. It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including July 26, 2008. Said loan shall be paid off in its entirety on or before July 26, 2008. Further, this agreement does not waive the borrower's monthly payments which are due on or before January 26, 2008, and the 26th day thereafter until paid in full in the approximate sum of $4,008.48. All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $5,700.00 representing the extension fee of one and one-half (1 ½) point, attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $6,050.00 representing the extension fee, and the documentation fee, and any extension thereto. All other terms and

conditions of the original loan and any extensions thereto shall be
held in full force and effect.

BAY AREA FINANCIAL CORPORATION

BY:_____          _____
                                             ANDREW ARIZA

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

ANDREW ARIZA, BORROWER

This agreement dated August     ,2008, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23591.06. It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including January 26, 2009. Said loan shall be paid off in its entirety on or before January 26, 2009. Further, this agreement does not waive the borrower's monthly payments which are due on or before August 26, 2008, and the 26th day thereafter until paid in full in the approximate sum of $3,166.67. All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $5,700.00 representing the extension fee of one and one-half (1 ½) point, attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $6,050.00 representing the extension fee, and the documentation fee, and any extension thereto. All other terms and

conditions of the original loan and any extensions thereto shall be held in full force and effect.

BAY AREA FINANCIAL CORPORATION

BY:_____

ANDREW ARIZA

EXHIBIT "B"

# Equity Title

**RECORDING REQUESTED BY**

06  2055532

**AND WHEN RECORDED MAIL TO**
**Bay Area Financial Corporation**
**12400 Wilshire Blvd., Ste. 230**
**Los Angeles, CA 90025**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS AND
## REQUEST FOR SPECIAL NOTICE

*This Document Provided by Commonwealth Land Title Company*

**This Deed of Trust, made this** 13th **day of** September , 2006                              ,between  ANDREW ARIZA, **A SINGLE man**, here in called **Trustor**, whose address is 1357 Vienna Way, Venice, CA 90291, and Bay Area Financial Corporation, a California Corporation, herein called **Beneficiary**, whose address is 12400 Wilshire Blvd., Ste. 230, Los Angeles, CA 90025 and JOB INSURANCE AGENCY, A California corporation, herein called **Trustee,**

**Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

See Exhibit "A" attached hereto and by this reference, incorporated herein.

Additionally this deed of trust is subject to the terms and conditions as set forth in "Rider No. 1" which is attached hereto and made a part hereof.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of **$975,750.00** executed by Trustor in favor of Beneficiary or order.   3.   Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.

(2)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such notice.

(4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable

PAGE 1

sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder. The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may described as "The person or persons legally entitled thereto". Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale. Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder,

06 2055532

including pledges of the note secured hereby whether or not named as Beneficiary herein.  In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

In accordance with Section 2924b, Civil Code, request is hereby made by the undersigned TRUSTOR that a copy of any Notice of Default and a copy of any Notice of Sale under Deed of trust recorded on January 18, 2006, Instrument No. 06-0112425, in Book _____ , Page _____ , of Official Records in the Office of the County Recorder of Los Angeles as affecting above described property, executed by Andrew Ariza, a single man as Trustor in which is named Mortgage Electronic Registration Systems, Inc. ("MERS"), is a Separate Corporation that is acting solely as a nominee for lender and Lender's Successors and assigns, America's Wholesale Lender, a Corporation, as Beneficiary, and CTC Real Estate Services, as Trustee, be mailed to Bay Area Financial Corporation, a California Corporation whose address is 12400 Wilshire Blvd., Ste. 230, Los Angeles, CA 90025.

NOTICE: A copy of any Notice of Default and of any Notice of Sale will be sent to the address contained in this record request. if you address changes, a new request must be recorded.

Dated: September 13, 2006

ANDREW ARIZA

_____     _____

_____     _____

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_____ )SS.

On _9-13-06_____ before me, _Kim Wizer_____ (insert name) Notary Public, personally appeared _Andrew Ariza_ personally known to me(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/ are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Kim Wizer_____

KIM WIZER
Commission # 1419502
Notary Public - California
Los Angeles County
My Comm. Expires Jun 19, 2007

06 2055532

PAGE 3

R I D E R    N O .    1

Rider to Deed of Trust,
Assignment of Rents,
dated September 13, 2006
between
ANDREW ARIZA, Trustor ("Trustor")
and Job Insurance Agency, Trustee ("Trustee")
and Bay Area Financial Corporation as Beneficiary ("Beneficiary")

Notwithstanding any terms or conditions to the contrary contained in the Deed of Trust, Trustor agrees;

1.    To pay any and all costs and expenses, including attorney's fees, incurred by Beneficiary to enforce its rights hereunder, whether or not suit is brought thereon;

2.    To pay interest on each sum expended by Beneficiary or Trustee in enforcing the obligations secured hereby from the date of expenditure until the date of repayment at the rate of interest in effect from time to time during such period under the promissory note secured hereby;

3.    If the Trustor shall sell, convey or alienate the property herein described, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, the Beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable;

4.    If any provision contained herein is held to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and effect.

BORROWER(S):                          WITNESS:

_____              _____
ANDREW ARIZA

Loan No. 23591.06                    06.2055532

EXHIBIT "A"

PARCEL 1:

THOSE PORTIONS OF LOT 16 IN BLOCK "C" OF THE RESUBDIVISION OF OCEAN PARK HEIGHTS
ADDITION, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS
PER MAP RECORDED IN BOOK 7, PAGE 166, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY, AND ALL OF LOT 2 IN BLOCK "G" OF THE REPLAT OF OCEAN PARK HEIGHTS, IN
THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 6, PAGE 199, OF MAP RECORDS, LYING NORTHERLY OF A LINE PARALLEL
WITH THE SOUTHERLY LINE OF VICTORIA AVENUE (FORMERLY ROSE AVENUE) WHICH PASSES
THROUGH A POINT IN THE EASTERLY LINE OF GRAND VIEW BOULEVARD, 100 FEET WIDE,
DISTANT SOUTHERLY ALONG SAID EASTERLY LINE 77 FEET FROM THE SOUTHERLY LINE OF
VICTORIA AVENUE, 50 FEET WIDE.

EXCEPT THEREFROM THE EASTERLY 72.89 FEET OF SAID LOT 2 SAID EASTERLY 72.89 FEET
BEING BOUNDED BY A LINE 72.89 FEET WESTERLY OF AND PARALLEL WITH THE EASTERLY LINE
OF SAID LOT 2.

SAID LAND IS ALSO SHOWN AS PARCEL 1 ON CERTIFICATE OF COMPLIANCE FOR LOT LINE
ADJUSTMENT PURSUANT TO PARCEL MAP EXEMPTION NO. AA-2006-1538-PMEX RECORDED JULY
26, 2006, AS INSTRUMENT NO. 06-1655055, OF OFFICIAL RECORDS.

COMMONLY KNOWN AS:  3710 GRAND VIEW BOULEVARD, LOS ANGELES, CALIFORNIA.

PARCEL 2:

LOT 20 OF DURLEY PARK, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 20 PAGES 94 AND 95 OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

More commonly known as:  1357 - 1359 Vienna Way, Venice, CA  90291

3    06·2055532




This page is part of your document - DO NOT DISCARD

**06 2055532**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**09/15/06 AT 08:00am**

TITLE(S) :





L E A D   S H E E T

FEE

| FEE $ 33 RR |
| DAF $ 6 |
| C-20       5 |

D.T.T.

NOTIFICATION SENT $4


CODE
20

CODE
19

CODE
9 ____

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.     Number of AIN's Shown




THIS FORM IS NOT TO BE DUPLICATED

EXHIBIT "C"

**PlnDue, DsclsDue, PRVDISM**

## U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
## Bankruptcy Petition #: 2:11-bk-31243-VZ

*Date filed:* 05/16/2011

*Assigned to:* Vincent P. Zurzolo
Chapter 11
Voluntary
Asset

| | |
|---|---|
| **Debtor**<br>**Andrew Ariza**<br>1359 Vienna Way<br>Venice, CA 90291<br>SSN / ITIN: xxx-xx-8842 | represented by **Michael Jay Berger**<br>9454 Wilshire Blvd 6th Fl<br>Beverly Hills, CA 90212-2929<br>310-271-6223<br>Fax : 310-271-9805<br>Email:<br>michael.berger@bankruptcypower.com |
| **U.S. Trustee**<br>**United States Trustee (LA)**<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017 | represented by **Dare Law**<br>725 S Figueroa St 26th Fl<br>Los Angeles, CA 90017<br>213-894-4925<br>Fax : 213-894-2603<br>Email: dare.law@usdoj.gov<br><br>**Melanie C Scott**<br>Office of the United States Trustee<br>725 S Figueroa St Ste 2600<br>Los Angeles, CA 90017<br>213-894-4946<br>Fax : 213-894-2603<br>Email: Melanie.Scott@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 05/16/2011 | 1 R | Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by Andrew Ariza (Berger, Michael) (Entered: 05/16/2011) |
| 05/16/2011 | 2 | Declaration Re: Electronic Filing Filed by Debtor Andrew Ariza. (Berger, Michael) (Entered: 05/16/2011) |
| 05/16/2011 | 3 | Certificate of Credit Counseling Filed by Debtor Andrew Ariza. (Berger, Michael) (Entered: 05/16/2011) |

| 05/16/2011 | 4 | Statement of Social Security Number(s) Form B21 Filed by Debtor Andrew Ariza. (Berger, Michael) (Entered: 05/16/2011) |
| 05/16/2011 | | Receipt of Voluntary Petition (Chapter 11)(2:11-bk-31243) [misc,volp11] (1039.00) Filing Fee. Receipt number 20436604. Fee amount 1039.00. (U.S. Treasury) (Entered: 05/16/2011) |
| 05/17/2011 | | Judge Vincent P. Zurzolo added to case due to prior case 10-14345 VZ filed on 2/8/2010 (Juco, Corazon) (Entered: 05/17/2011) |
| 05/17/2011 | 5 | Emergency motion *Debtor's Emergency Motion for Order Authorizing the Use of Cash Collateral (Vienna); Declaration of Andrew Ariza in Support Thereof* Filed by Debtor Andrew Ariza (Berger, Michael) (Entered: 05/17/2011) |
| 05/17/2011 | 6 | Meeting of Creditors 341(a) meeting to be held on 6/27/2011 at 09:00 AM at RM 2610, 725 S Figueroa St., Los Angeles, CA 90017. Last day to oppose discharge or dischargeability is 8/26/2011. (Ly, Lynn) (Entered: 05/17/2011) |
| 05/20/2011 | 7 | BNC Certificate of Notice (RE: related document(s) 6 Meeting of Creditors Chapter 11 & 12) No. of Notices: 15. Service Date 05/20/2011. (Admin.) (Entered: 05/20/2011) |
| 05/22/2011 | 8 | Notice to Filer of Correction Made/No Action Required: **Other: CORRECTION: Incorrect Judges' initials on PDF. - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s) 5 Emergency motion filed by Debtor Andrew Ariza) (Johnson, Tina R.) (Entered: 05/22/2011) |
| 05/23/2011 | 9 ℝ | Order Denying Emergency Motion for Order Authorizing the Use of Cash Collateral (Related Doc # 5 ) Signed on 5/23/2011 (Kaaumoana, William) (Entered: 05/23/2011) |
| 05/25/2011 | 10 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 9 ℝ Order (Generic)) No. of Notices: 1. Service Date 05/25/2011. (Admin.) (Entered: 05/25/2011) |
| 05/27/2011 | 11 ℝ | Order (1) Requiring Debtor-In Possession To Appear At Status Conference And File Report On Status Conference Of Reorganization Case, or Face Possible (A) Conversion Of Case To Chapter 7; (B) Dismissal Of Case; Or (C) Appointment Of Trustee; (2) Setting Hearing On Status Or Reorganization Case; And (3) Establish Procedure For (A) Motion For Order Approving Adequacy Of Disclosure Statement; And (B) Motion For Order Confirming Plan (Related Doc # 1 ℝ ) Signed on 5/27/2011 (Carranza, Shemainee) (Entered: 05/27/2011) |
| 05/27/2011 | | Hearing Set Status hearing to be held on 6/30/2011 at 09:30 AM at Crtrm |

| | | |
|---|---|---|
| | | 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Related to Document 11 Ⓡ ) (Carranza, Shemainee) (Entered: 05/27/2011) |
| 05/29/2011 | 12 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 11 Ⓡ Order (Generic)) No. of Notices: 1. Service Date 05/29/2011. (Admin.) (Entered: 05/29/2011) |
| 06/06/2011 | 13 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Darlene C Vigil on behalf of Courtesy NEF. (Vigil, Darlene) (Entered: 06/06/2011) |
| 06/09/2011 | 14 | Notice of Appearance and Request for Notice by Mehrdaud Jafarnia Filed by Creditor DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc.. (Jafarnia, Mehrdaud) (Entered: 06/09/2011) |
| 06/14/2011 | 15 Ⓡ | Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing the Use of Cash Collateral; Declaration of Andrew Ariza in Support Thereof* Filed by Debtor Andrew Ariza (Berger, Michael) (Entered: 06/14/2011) |
| 06/16/2011 | 16 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF HEARING WITH CORRECT HEARING INFORMATION. CORRECTION: Incorrect Judges' initial on PDF.** (RE: related document(s) 15 Ⓡ Motion to Use Cash Collateral filed by Debtor Andrew Ariza) (Johnson, Tina R.) (Entered: 06/16/2011) |
| 06/16/2011 | 17 Ⓡ | Status report *Case Status Conference Report of Debtor Andrew Ariza; Declaration of Andrew Ariza in Support Thereof; with Proof of Service* Filed by Debtor Andrew Ariza (RE: related document(s) 11 Ⓡ Order (Generic)). (Berger, Michael) (Entered: 06/16/2011) |
| 06/17/2011 | 18 | Application to Employ Michael Jay Berger as Bankruptcy Counsel *Debtor's Application for Order Authorizing Debtor to Employ General Bankruptcy Counsel; Declaration of Michael Jay Berger in Support Thereof; Statement of Disinterestedness in Support Thereof [11 U.S.C. § 327]* Filed by Debtor Andrew Ariza (Attachments: # 1 Exhibit 1# 2 Exhibit 2-3# 3 Exhibit 4-5) (Berger, Michael) (Entered: 06/17/2011) |
| 06/17/2011 | 19 | Notice *Notice of Debtor's Application for Order Authorizing Debtors to Employ General Bankruptcy Counsel* Filed by Debtor Andrew Ariza (RE: related document(s) 18 Application to Employ Michael Jay Berger as Bankruptcy Counsel *Debtor's Application for Order Authorizing Debtor to Employ General Bankruptcy Counsel; Declaration of Michael Jay Berger in Support Thereof; Statement of Disinterestedness in Support Thereof [11 U.S.C. § 327]* Filed by Debtor Andrew Ariza). (Berger, Michael) (Entered: 06/17/2011) |

| 06/20/2011 | 20 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Barry R Gore on behalf of Courtesy NEF. (Gore, Barry) (Entered: 06/20/2011) |
|---|---|---|
| 06/20/2011 | 21 | Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing the Use of Cash Collateral; Declaration of Andrew Ariza in Support Thereof* Filed by Debtor Andrew Ariza (Berger, Michael) (Entered: 06/20/2011) |
| 06/20/2011 | 22 R | Notice *of Non-Consent of Use of Cash Collateral (No Hearing Required)* Filed by Creditor Bay Area Financial Corporation (RE: related document(s) 15 R Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing the Use of Cash Collateral; Declaration of Andrew Ariza in Support Thereof* Filed by Debtor Andrew Ariza). (Gore, Barry) (Entered: 06/20/2011) |
| 06/20/2011 | 23 | Notice *of Request for Tax Return or Transcript* Filed by Creditor Bay Area Financial Corporation (RE: related document(s) 1 R Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by Andrew Ariza). (Gore, Barry) (Entered: 06/20/2011) |
| 06/21/2011 | | Hearing Set (RE: related document(s) 21 Motion to Use Cash Collateral filed by Debtor Andrew Ariza) The Hearing date is set for 7/19/2011 at 11:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 06/21/2011) |
| 06/21/2011 | 24 | Notice to Filer of Correction Made/No Action Required: **Other: CORRECITON: Hearing information not included on PDF. - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s) 22 R Notice filed by Creditor Bay Area Financial Corporation) (Johnson, Tina R.) (Entered: 06/21/2011) |
| 06/24/2011 | 25 | Objection (related document(s): 21 Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing the Use of Cash Collateral; Declaration of Andrew Ariza in Support Thereof* filed by Debtor Andrew Ariza) *Proof of Service* Filed by U.S. Trustee United States Trustee (LA) (Law, Dare) (Entered: 06/24/2011) |
| 06/24/2011 | 26 | Monthly Operating Report. Operating Report Number: 1. For the Month Ending May 31, 2011 Filed by Debtor Andrew Ariza. (Berger, Michael) (Entered: 06/24/2011) |
| 07/01/2011 | 27 R | Order After Initial Status Conference In Chapter 11 Case: (1) Setting Deadline For Filing Proofs Of Claim And Requiring Compliance With Local Bankruptcy Rule 3001-1 (2) Setting Deadline For Hearing On Objections To Claims; and (3) Setting Hearing On Motion For Order Approving Adequacy Of Disclosure Statement (Related Doc # 11 R ) Signed on 7/1/2011 (Carranza, Shemainee) (Entered: 07/01/2011) |

| | | |
|---|---|---|
| 07/01/2011 | | Hearing Set The Hearing date is set for 2/23/2012 at 01:30 PM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Related Document 27 R ) (Carranza, Shemainee) (Entered: 07/01/2011) |
| 07/03/2011 | 28 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 27 R Order (Generic)) No. of Notices: 3. Service Date 07/03/2011. (Admin.) (Entered: 07/03/2011) |
| 07/05/2011 | 29 R | Objection (related document(s): 21 Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing the Use of Cash Collateral; Declaration of Andrew Ariza in Support Thereof* filed by Debtor Andrew Ariza) *Objection to Debtor's Motion for Order Authorizing the Use of Cash Collateral by Bay Area Financial Corporation; Declarations of Vincent J. Lombardo and Susan Rosales in Support Thereof* Filed by Creditor Bay Area Financial Corporation (Attachments: # 1 Part 2# 2 Part 3# 3 Part 4) (Gore, Barry) (Entered: 07/05/2011) |
| 07/06/2011 | 30 R | Objection (related document(s): 21 Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing the Use of Cash Collateral; Declaration of Andrew Ariza in Support Thereof* filed by Debtor Andrew Ariza) *Objection of Deutsche Bank to Debtor's Motion for Authority to Use Cash Collateral with proof of service* Filed by Creditor Deutsche Bank National Trust Company (Kim, Gerald) (Entered: 07/06/2011) |
| 07/12/2011 | 31 R | Reply to (related document(s): 25 Objection filed by U.S. Trustee United States Trustee (LA), 29 R Objection filed by Creditor Bay Area Financial Corporation, 30 R Objection filed by Creditor Deutsche Bank National Trust Company) *REPLY IN SUPPORT OF DEBTORS MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL; DECLARATION OF ANDREW ARIZA AND PAUL FLETCHER IN SUPPORT THEREOF* Filed by Debtor Andrew Ariza (Attachments: # 1 Exhibit 1-2a# 2 Exhibit 2b) (Berger, Michael) (Entered: 07/12/2011) |
| 07/13/2011 | | Receipt of Certification Fee - $9.00 by 18. Receipt Number 20119498. (admin) (Entered: 07/14/2011) |
| 07/13/2011 | | Receipt of Photocopies Fee - $2.00 by 18. Receipt Number 20119498. (admin) (Entered: 07/14/2011) |
| 07/26/2011 | 32 | Monthly Operating Report. Operating Report Number: 2. For the Month Ending June 30, 2011 Filed by Debtor Andrew Ariza. (Berger, Michael) (Entered: 07/26/2011) |
| 07/26/2011 | 33 | Declaration re: *Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o); Proof of Service Attached* Filed by Debtor Andrew Ariza (RE: related document(s) 18 Application to Employ Michael Jay Berger as Bankruptcy Counsel *Debtor's Application for Order Authorizing Debtor to Employ General Bankruptcy Counsel;* |

| | | |
|---|---|---|
| | | *Declaration of Michael Jay Berger in Support Thereof; Statement of Disinterestedness in Suppor).* (Attachments: # 1 Exhibit Part 2 of 3 of Debtor's Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o)# 2 Exhibit Part 3 of 3 of Debtor's Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o)) (Berger, Michael) (Entered: 07/26/2011) |
| 07/29/2011 | 34 Ⓡ | Stipulation By DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc. and Filed by Creditor DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc. (Attachments: # 1 Exhibit) (Jafarnia, Mehrdaud) (Entered: 07/29/2011) |
| 07/29/2011 | 35 | Order Granting Application to Employ General Bankruptcy Counsel (Related Doc # 18 ) Signed on 7/29/2011. (Tatum, Shafari) (Entered: 07/29/2011) |
| 08/02/2011 | 36 | Motion to Use Cash Collateral *Debtor's Motion for Order Authorizing The Use of Cash Collateral; Declaration of Andrew Ariza In Support Thereof; Proof of Service Attached* Filed by Debtor Andrew Ariza (Berger, Michael) (Entered: 08/02/2011) |
| 08/02/2011 | 37 | Motion for Setting Property Value *Motion for Order To Value Collateral and Avoid Security Interest (Vienna Way); Declarations of Andrew Ariza and Paul Fletcher In Support Thereof; Proof of Service Attached* Filed by Debtor Andrew Ariza (Attachments: # 1 Exhibit Part 2 of 3 of Debtor's Motion for Order to Value Collateral and Avoid Security Interest# 2 Exhibit Part 3 of 3 of Debtor's Motion for Order to Value Collateral and Avoid Security Interest) (Berger, Michael) (Entered: 08/02/2011) |
| 08/03/2011 | | Hearing Set (RE: related document(s) 36 Motion to Use Cash Collateral filed by Debtor Andrew Ariza) The Hearing date is set for 8/23/2011 at 11:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Bakchellian, Mary) (Entered: 08/03/2011) |
| 08/03/2011 | | Hearing Set (RE: related document(s) 37 Motion for Setting Property Value filed by Debtor Andrew Ariza) The Hearing date is set for 8/23/2011 at 11:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Bakchellian, Mary) (Entered: 08/03/2011) |
| 08/05/2011 | 38 | Stipulation By DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc. and Filed by Creditor DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc. (Jafarnia, Mehrdaud) (Entered: 08/05/2011) |

| 08/05/2011 | 39 | Notice to Filer of Correction Made/No Action Required: **Other:** **CORRECTION: Orders cannot be submitted through CM/ECF. - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s) 38 Stipulation filed by Creditor DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc.) (Johnson, Tina R.) (Entered: 08/05/2011) |
| 08/08/2011 | 40 | Order Denying Motion To Use Cash Collateral (Related Doc # 21 ) Signed on 8/8/2011 (Tatum, Shafari) (Entered: 08/08/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/09/2011 10:00:49 | | |
| **PACER Login:** | cg0077 | **Client Code:** 9635.28 |
| **Description:** | Docket Report | **Search Criteria:** 2:11-bk-31243-VZ Fil or Ent: filed From: 1/1/2011 To: 8/9/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 4 | **Cost:** 0.32 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3424 Carson St., Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described as **OBJECTION TO DEBTOR'S MOTION FOR ORDER TO VALUE COLLATERAL AND AVOID SECURITY INTEREST (VIENNA WAY); DECLARATION OF VINCENT J. LOMBARDO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 9, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒  Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 9, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 9, 2011 | Brenda L. Campos | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### SECTION I

### SERVED VIA NEF BY THE COURT

**Office of the US Trustee**
Ustregion16.la.ecf@usdoj.gov

Dare Law
Dare/law@usdoj.gov

Melanie C. Scott
Melanie.scott@usdoj.gov

**Debtor's Attorney**
Michael J. Berger, Esq.
Michael.berger@bankruptcypower.com
maritza.arizaga@bankruptcypower.com

**Creditor Bay Area Financial Attorney**
Barry R. Gore, Esq.
bgore@scckg.com

**Other Interested Parties**
Darlene C. Vigil
cdcaecf@bdfgroup.com

Mehrdaud Jafarnia
bknotice@mccarthyholthus.com

Gerald S. Kim
cdcaecf@bdfgroup.com

### SECTION II

### SERVED VIA FED EX OVERNIGHT

**JUDGE**
Honorable Vincent P. Zurzolo
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                              **F 9013-3.1.PROOF.SERVICE**

**SECTION II CONTINUED**

**SERVED VIA US MAIL**

**DEBTOR**
Andrew Ariza
1359 Vienna Way
Venice, CA 90291

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                    **F 9013-3.1.PROOF.SERVICE**