MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Attorney for Debtor,
Andrew Ariza

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>Andrew Ariza,<br>      Debtor. | CASE NO.: 2:11-bk-31243-VZ<br>Chapter 11<br>REPLY IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL; DECLARATIONS OF ANDREW ARIZA AND MORAN GLAZER IN SUPPORT THEREOF<br>Date: August 23, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom 1368 |

TO THE HONORABLE VINCENT P. ZURZOLO, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:

    Counsel for Andrew Ariza (the "Debtor"), debtor and debtor-in-possession herein, the Law Offices of Michael Jay Berger ("Debtor's Counsel"), submits the following Reply to Bay

REPLY IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER
AUTHORIZING THE USE OF CASH COLLATERAL

Area Financial Corporation's ("Bay Area") opposition (the "Opposition") to Debtor's Motion for Order Authorizing the Use of Cash Collateral (the "Motion"):

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND**

On May 16, 2011, Andrew Ariza (the "Debtor"), filed his Chapter 11 bankruptcy petition. The Debtor resides at his home located at 1357-1359 Vienna Way, Venice, California 90291 (the "Vienna Property"). The Vienna Property is a duplex. The Debtor resides in 1359 Vienna Way and leases 1357 Vienna Way. See Declaration of Andrew Ariza (the "Ariza Declaration"), paragraph 2.

The Debtor currently and historically generates income from two sources: from the Vienna Property and from the Debtor's job as a design and construction consultant. See Ariza Declaration, paragraph 3.

**II.    USE OF CASH COLLATERAL**

   **a. Adequate Protection to a Secured Creditor**

As stated in the Motion, Debtor will be making post-petition debt service obligations to Deutsche Bank National Trust Company ("Deutsche") and Wells Fargo Bank N.A. ("Wells Fargo"), but will not be making debt service obligations to Bay Area ("Bay Area"; collectively with Deutsche and Wells Fargo, the "Secured Creditors") at this time. See Ariza Declaration, paragraph 4.

Debtor will not be making debt service obligations to Bay Area because Debtor believes that with the concurrently filed Motion to Value Property of the Vienna Property, the scheduled value of $1,100,000.00 will be confirmed. See Declaration of Moran Glazer, paragraph 2.

Bay Area does not make a sufficient showing that adequate protection, by its definition in 11 U.S.C § 361 of the Bankruptcy Code, is required. Bay Area fails to show that any use of the current rents from the tenant at the Vienna Property to protect the interests of Deutsch and Wells Fargo would decrease in the value of Bay Area's interest in the Vienna Property. The only evidence given by Bay Area is "Debtor is not offering to provide any adequate protection for Bay Area's secured interest in Cash Collateral because every payment from the rents decreases the cash securing Bay Area's secured interest in those rents and other Cash Collateral." Opposition, page 8, line 7-10. Bay Area fails in this regard, because when the future rent is used to pay Deutsche and Wells Fargo, who have a 1st and 2nd, respectively, priority on the rents and other cash collateral, there would be a nominal amount, if any, remaining for Bay Area.

Additionally, Deutsche's payment fluctuates each month ranging from $3,305.46 - $3,540.00, and Wells Fargo payment is $118.71. On a good month, Bay Area at most would be able to recover $75.83. Debtor's out of pocket expenses fluctuates each month ranging from $460.00 - $695.00. Additionally, while this is a projected cash flow, the numbers are not exact and do fluctuate on a month-to-month basis. Therefore, Bay Area fails to show that a decrease in the value of its interest exists. See Ariza Declaration, paragraph 5.

Due to the value of the Vienna Property, the current mortgage payments being paid to Deutsche and Wells Fargo and Debtor's intention to avoid the security interest of Bay Area, as it is fully unsecured, Debtor respectfully requests that the Motion be granted.

**b. Adequate Protection in the Form of Rental Income**

In its opposition Bay Area contends that Debtor should make a rent payment in order to secure Bay Area's interest in the Vienna Property. Of the utmost importance, it is crucial to remember that the Vienna Property serves as the Debtor's primary residence. This is clear from

both notes given by Deutsche and Wells Fargo, as they are owner occupied financing. Bay Area's note, as noted in its Opposition, was originally generated for another piece of real property and cross-collateralized by the Vienna Property. That other piece of real property has since been sold. Bay Area was aware that Debtor occupied a portion of the Vienna Property upon issuing its note. Ariza Declaration, paragraph 6.

Bay Area cites three unrelated cases as authority for this demand for a Debtor to pay rent on a property that is both a primary residence and already income producing. The first case cited by Bay Area in its Opposition is *In re Rolanco, Inc.* 43 B.R. 153 (Bankr. E.D. Mo. 1984). In *Rolanco*, the business debtor operates a farm on the real property that has a secured creditor. The court ruled that if the business debtor was to continue operating its farm business and produce income from crop yields of the land itself, the secured creditor would be entitled to a share proportionate to what a landlord would receive from harvesting such crop. In this case, the Debtor is not a business, nor does the Debtor use his portion of the land to create any sort of money. The Debtor is simply residing at the Vienna Property, and is not creating an additional source of income from it. Furthermore, in *Rolanco*, the secured debtor was the only creditor on the land. Here, Debtor continues to make adequate protection payments to Duetsche and Wells Fargo who are in 1st and 2nd position, respectively.

A second distinguishable case cited by Bay Area in its opposition is *In re Glinz.* 69 B.R. 916 (Bankr. D.N.D. 1987). In *Glinz*, the debtors owned farmland that was leased to farmers and then crop is planted. The debtors in this scenario are receiving a share of the crop income as rental income once the crop is harvested. Due to the bankruptcy, it is likely that the debtors in Glinz would lose possession of the property prior to the harvesting of the crop, therefore, without cooperation between the debtor and the secured lender, the result would be "a stalemate where

neither party does anything and the land lies fallow to the detriment of both." Id. at 921. The court's ruling that the secured creditor receive adequate protection, is not based on the concept of adequate protection from a decline in value to the property, but rather a mid-ground for both parties to be able to benefit. The *Glinz* court cites *Asbridge*: "Why should a debtor in bankruptcy be required to protect a creditor form the decline in value of its reality which this decline would have occurred during a foreclosure action in state court anyway?" Citing *In re Asbridge*, 66 B.R. 894 (Bankr. N.D. 1986). In our case, Bay Area does not benefit in a bankruptcy or outside of one. Being completely under secured, the first and second lenders would reap all benefits, and Bay Area would remain with nothing. Additionally, the Debtor is not producing any income from the unit he resides in.

The final case cited by Bay Area in its Opposition is *In re Rush*. 9 B.R. 197 (Bankr. E.D. Pa 1981). In this case, the debtor in a chapter 7 was leasing an apartment. The landlord wanted to obtain possession of the property, as the debtor was not current on pre-petition arrearages. In *Rush*, the landlord sought relief from stay in an adversary proceeding and prevailed. This is a chapter 11 case, where the Debtor intends to file a plan of reorganization. More importantly, the Debtor is not renting the Vienna Property, he owns the Vienna Property.

Bay Area cites no authority for their demand that the Debtor pay rent on a property that is both a primary residence and income producing. Notwithstanding such an absurd request, even if Debtor were to rent the unit that he resides in, that unit would not produce as much income as the currently rented unit as it is not in comparable shape. The unit Debtor resides in does not have a pool and has never been remodeled. See Ariza Declaration, paragraph 7.

1  Additionally, while Debtor does collect rent of $3,500.00, it is clear from the Budget
2  attached as Exhibit "1" to the Ariza Declaration, that the rent is not sufficient to cover all
3  expenses of the Vienna Property. The Debtor does contribute approximately $700.00 from his
4  personal income to maintain the property and pay Deutsche and Wells Fargo. See Ariza
5  Declaration, paragraph 8.

## II.   CONCLUSION

Based upon the foregoing, Debtor respectfully requests that the Court authorize the use of Cash Collateral to maintain and preserve the Vienna Property.

Dated: August 16, 2011

**LAW OFFICES OF MICHAEL JAY BERGER**

By: _____
Michael Jay Berger
Counsel for Debtor,
Andrew Ariza

## DECLARATION OF ANDREW ARIZA

I, Andrew Ariza, declare and state as follows:

1. I am the debtor and debtor-in-possession in the above-captioned matter. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. On May 16, 2011, I filed my Chapter 11 bankruptcy petition. I reside at my home located at 1357-1359 Vienna Way, Venice, California 90291 (the "Vienna Property"). The Vienna Property is a duplex. I reside in 1359 Vienna Way and I lease 1357 Vienna Way.

3. I currently and historically generate income from two sources: from the Vienna Property and from my job as a design and construction consultant.

4. As stated in the Motion, I will be making post-petition debt service obligations to Deutsche Bank National Trust Company ("Deutsche") and Wells Fargo Bank N.A. ("Wells Fargo"), but will not be making debt service obligations to Bay Area ("Bay Area"; collectively with Deutsche and Wells Fargo, the "Secured Creditors") at this time.

5. Additionally, Deutsche's payment fluctuates each month ranging from $3,305.46 - $3,540.00, and Wells Fargo payment is $118.71. On a good month, Bay Area at most would be able to recover $75.83. My out of pocket expenses fluctuates each month ranging from $460.00 - $695.00. Additionally, while this is a projected cash flow, the numbers are not exact and do fluctuate on a month-to-month basis.

6. The notes given to me by Deutsche and Wells Fargo are both owner occupied financing. Bay Area's note, as noted in its Opposition, was originally generated for another piece of real property and cross-collateralized by the Vienna Property. That other piece of real

REPLY IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER
AUTHORIZING THE USE OF CASH COLLATERAL

property has since been sold.  Bay Area was aware that I occupied a portion of the Vienna Property upon issuing its note.

7. The unit I reside in is not in comparable condition to the rented unit, and would not produce as much income as the currently rented unit.  The unit does not have a pool and has never been remodeled.

8. While I collect rent of $3,500.00, the rent is not sufficient to cover all expenses of the Vienna Property.  I contribute approximately $700.00 from my personal income to maintain the property and pay Deutsche and Wells Fargo.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on August 16, 2011 at Beverly Hills, California

    /s/ Andrew Ariza  
    ANDREW ARIZA

REPLY IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER
AUTHORIZING THE USE OF CASH COLLATERAL

## DECLARATION OF MORAN GLAZER

I, Moran Glazer, declare and state:

1. I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. Debtor will not be making debt service obligations to Bay Area because Debtor believes that with the concurrently filed Motion to Value Property of the Vienna Property, the scheduled value of $1,100,000.00 will be confirmed.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on August 16, 2011 at Beverly Hills, California.

_____
MORAN GLAZER

| In re: Andrew Ariza | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:11-bk-31243-VZ |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

A true and correct copy of the foregoing document described "**REPLY IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL; DECLARATIONS OF ANDREW ARIZA AND MORAN GLAZER IN SUPPORT THEREOF**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __8/16/11__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __8/16/11__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __8/16/11__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/16/11 | Samuel Boyamian | /s/ Samuel Boyamian |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                              F 9013-3.1

## SERVICE LIST

*Served Via Electronic Notice:*

Barry R Gore on behalf of Creditor Bay Area Financial Corporation
bgore@scckg.com, nnarag@scckg.com;cbeson@scckg.com

Mehrdaud Jafarnia on behalf of Creditor DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc.
bknotice@mccarthyholthus.com

Gerald S Kim on behalf of Creditor Deutsche Bank National Trust Company
cdcaecf@bdfgroup.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Melanie C Scott on behalf of U.S. Trustee United States Trustee (LA)
Melanie.Scott@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Darlene C Vigil on behalf of Interested Party Courtesy NEF
cdcaecf@bdfgroup.com

*Served Via US Mail:*

**Secured Creditors**

Bay Area Financial Corp.
Agent for Service of Process
Vincent Lombardo
12400 Wilshire Blvd., Suite 230
Los Angeles CA. 90025

Indymac Bank
Attn:Bankruptcy
Po Box 4045
Kalamazoo, MI 49003

Wells Fargo Bank N A
Agent for Service of Process
Lawyers Incorporating Services
2730 Gateway Oaks Dr. Ste #100
Sacramento, CA. 95833

**Unsecured Creditors**

Bank of America
Attn: Bankruptcy Department
P.O. Box 26012
Greensboro, NC. 27410

| | |
|---|---|
| 1 | Bank of America FIA Card |
|   | Attn: Bankruptcy Department |
|   | P.O Box 26012 |
| 2 | Greensboro, NC. 27410 |
| 3 | |
|   | Cavalry Portfolio Service |
|   | Attn: Deborah Reilly |
| 4 | PO Box 1017 |
|   | Hawthorne, NY 10532 |
| 5 | |
|   | Cba Collection Bureau |
| 6 | Po Box 5013 |
|   | Hayward, CA 94540 |
| 7 | |
|   | Chase |
| 8 | 201 N. Walnut St//De1-1027 |
|   | Wilmington, DE 19801 |
| 9 | |
|   | Credit Management |
| 10 | 4200 International Pwy |
|    | Carrolton, TX 75007 |
| 11 | |
|    | Designed Receivable |
| 12 | 1 Centerpointe Drive, Suite 45 |
|    | La Palma, CA 90623 |
| 13 | |
|    | Discover Fin |
| 14 | Po Box 6103 |
|    | Carol Stream, IL 60197 |
| 15 | |
|    | Elvis Pmental |
| 16 | PO Box 2321 |
|    | Winnetka, CA 91396 |
| 17 | |
|    | Fredrick Hanna & Associates |
| 18 | 1427 Roswell Rd |
|    | Marietta, GA 30062 |
| 19 | |
|    | Internal Revenue Service |
| 20 | PO Box 7346 |
|    | Philadelphia, PA 19101-7346 |
| 21 | |
|    | JPMorgan Chase Legal Dept. |
| 22 | John Nguyen |
|    | 300 S. Grand Ave, 4th Floor |
| 23 | Los Angeles, CA 90071 |
| 24 | |
|    | Marina Del Rey Hospital |
| 25 | 4650 Lincoln Blvd. |
|    | Marina Del Rey, CA 90292 |
| 26 | |
|    | Pineapple Pools, Inc. |
| 27 | PO Box 1352 |
|    | Moorpark, CA 93020 |
| 28 | |

REPLY IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER
AUTHORIZING THE USE OF CASH COLLATERAL

Rusher Air Conditioning
19626 S. Normandie Ave.
Torrance, CA 90502

***Served Via Personal Delivery:***

Chambers of Judge Vincent P. Zurzolo
United States Bankruptcy Court – Central District of CA
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, California 90012