**MICHAEL JAY BERGER (State Bar # 100291)**
**LAW OFFICES OF MICHAEL JAY BERGER**
**9454 Wilshire Blvd. 6th Floor**
**Beverly Hills, CA 90212-2929**
**Telephone:  (310) 271-6223**
**Facsimile:   (310) 271-9805**
**michael.berger@bankruptcypower.com**

**Attorney for Debtor,**
**Andrew Ariza**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Andrew Ariza,<br><br>       Debtor. | **CASE NO.:  2:11-bk-31243-VZ**<br><br>**Chapter 11**<br><br>**DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA WAY PROPERTY)**<br><br>**Date:  October 4, 2011**<br>**Time:  10:00 a.m.**<br>**Place:  Courtroom 1639** |

**TO THE HONORABLE VINCENT ZURZOLO, JUDGE OF THE UNITED**

**STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL**

**INTERESTED PARTIES:**

Counsel for Andrew Ariza (the "Debtor"), debtor and debtor-in-possession herein, the

Law Offices of Michael Jay Berger ("Debtor's Counsel"), hereby submits the following

DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA PROPERTY)

Opposition (the "Opposition") of Debtor to the Motion for Relief from the Automatic Stay (the "Motion") of Bay Area Financial Corporation ("Movant"), as follows:

## I.    FACTUAL BACKGROUND

On May 16, 2011, the Debtor filed his Chapter 11 bankruptcy petition. The Debtor resides at his home located at 1357-1359 Vienna Way, Venice, California 90291 (the "Vienna Property"). The Vienna Property is a duplex. The Debtor resides in 1359 Vienna Way and leases 1357 Vienna Way.

The Debtor currently and historically generates income from two sources: from the Vienna Property and from the Debtor's job as a design and construction consultant.

The Vienna Property is valued at $1,100,000.00 pursuant to the valuation hearing held by the Court on September 20, 2011. Deutsche Bank National Trust Company ("Deutsche") holds a promissory note secured by a first position deed of trust on the Vienna Property in the approximate current amount of $923,580.00. Wells Fargo Bank, N.A. ("Wells Fargo") holds a promissory note secured by a second position deed of trust on the Vienna Property in the approximate amount of $249,907.00. Movant holds a promissory note secured by a third position deed of trust on the Vienna Property in the approximate amount of $249,692.00.

The Vienna Property is the subject of this Motion. Movant brings the instant Motion contending that Movant is entitled to relief under 11 U.S.C. §362(d), subsections (1)(a), (2)(A), (2)(B) and (3).

**DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA PROPERTY)**

## II.    ARGUMENT

A.    Relief From Stay Under 11 U.S.C. §362(d)(1)(a) Should be Denied Because if

Ordered by the Court Debtor is Willing to Make Adequate Protection Payments

Although Debtor concedes that Movant is not protected by an adequate equity cushion, the Debtor would be willing to adequately protect Movant for the time being if required to do so by the Court.  Debtor has tendered post-petition payments to Deutsch and Wells Fargo, as adequate protection payments but has not yet tendered any post-petition payments to Movant, as Movant's interest in the Vienna Property is unclear.  Pursuant to an appraisal, dated as of March 10, 2011, the value of the Vienna Property is $1,100,000.00.  That value has not yet been confirmed by the Court.  However, Debtor's Counsel filed a Motion to Value Collateral that will be heard before the Court on October 11, 2011.  Due to the significant issues that Debtor has encountered in valuing the Vienna Property, the Debtor would be willing to adequately protect the Movant in the amount of its secured claim until confirmation of the plan of reorganization.

By making such payments, Debtor would be ensuring that Movant is sufficiently protected against any decline in the value of the Vienna Property.

B.    Relief From Stay Under 11 U.S.C. §362(d)(2)(B) Should be Denied Because the

Vienna Way Property is Necessary for an Effective Reorganization

Movant contends that it should be granted relief from the automatic stay because there is no equity in the Vienna Property and that the Vienna Property is not necessary for an effective reorganization.

For relief under 11 U.S.C. §362(d)(2), the creditor must show both that the debtor has no equity in the property in question and that the property is not necessary to an effective reorganization.  11 U.S.C. §362(d)(2)(A) & (B).  Here, Movant cannot show that the Vienna

3

Way Property is not necessary to an effective reorganization; therefore, no relief is proper under 11 U.S.C. §362(d)(2).

In determining whether certain property is necessary to effective Chapter 11 reorganization, for purposes of ruling on request for relief from stay under 11 USCS §362(d) by holder of perfected security interest in property, Bankruptcy Court must make finding that there is reasonable possibility of successful reorganization within reasonable time. *See In re: Penn York Mfg., Inc.*, 14 B.R. 51, 4 C.B.C.2d. 965(M.D. Pa. 1981).

As of September 15, 2011, the deadline to file claims in the Debtor's bankruptcy case has passed. Debtor's Counsel has prepared a disclosure statement and plan of reorganization for Debtor, and was awaiting the results of the September 20, 2011 valuation hearing to finalize the plan. However, because the Court did not value the Vienna Property, the Debtor will be filing a plan of reorganization without such a value and will later amend the plan after the October 11, 2011 hearing. The Vienna Way Property is the only real property of the estate and, therefore, is required for an effective reorganization.

This Court should find that there is reasonable possibility that the Debtor will be able to successfully reorganize within a reasonable amount of time and deny the Motion under 11 U.S.C. §362(d)(2).

C.    Relief From Stay Under 11 U.S.C. §362(d)(3) Should be Denied Because the Vienna Property is Not a Single Asset Real Estate

Movant contends that it should be granted relief from the automatic stay because Debtor has failed to file a plan of reorganization within the later of 90 days after the petition or 30 days after the court determined that the Vienna Property qualifies as a single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

Not once has this case ever been referred to as a single asset real estate case.

Furthermore, the Court has never determined that this case is a single asset real estate case.

Pursuant to 11 U.S.C. §101(51B), the term ""single asset real estate" means real property

constituting a single property or project other than residential real property with fewer than 4

residential real units,…". Based on this definition alone, the Debtor is not a single asset real

estate case, and therefore, relief under 11 U.S.C. §362(d)(3) should be denied.

**III.    CONCLUSION**

Based upon the foregoing, the Motion should be denied.

Dated:  September 20, 2011                     LAW OFFICES OF MICHAEL JAY BERGER


By:  _____
                                Michael Jay Berger
                                Attorney for Debtor,
                                Andrew Ariza

**DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA PROPERTY)**

| In re:  ANDREW ARIZA<br>Debtor(s). | CHAPTER:11<br>CASE NUMBER:2:11-bk-31243-VZ |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

A true and correct copy of the foregoing document described as "**DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA WAY PROPERTY)**" will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTIC OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/20/11  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 09/20/2011  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served    the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 09/20/2011 | Samuel Boyamian | /s/ Samuel Boyamian |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

6

**DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA PROPERTY)**

1

## SERVICE LIST

2

**Served Via Electronic Notice**

3

Barry R Gore on behalf of Creditor Bay Area Financial Corporation
4
bgore@scckg.com, nnarag@scckg.com;cbeson@scckg.com

5
Mehrdaud Jafarnia on behalf of Creditor DLJ Mortgage Capital, Inc., its assignees and/or successors, and the
servicing agent Select Portfolio Servicing, Inc.
6
bknotice@mccarthyholthus.com

7
Gerald S Kim on behalf of Creditor Deutsche Bank National Trust Company
cdcaecf@bdfgroup.com
8

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
9
dare.law@usdoj.gov

10
Melanie C Scott on behalf of U.S. Trustee United States Trustee (LA)
Melanie.Scott@usdoj.gov
11

United States Trustee (LA)
12
ustpregion16.la.ecf@usdoj.gov

13
Darlene C Vigil on behalf of Interested Party Courtesy NEF
cdcaecf@bdfgroup.com
14

15
**Served Via U.S. Mail:**

16
Chambers of Judge Vincent P. Zurzolo
United States Bankruptcy Court – Central District of CA
17
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, California 90012
18

19

20

21

22

23

24

25

26

27

28

**DEBTOR'S OPPOSITION TO MOVANT BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 REGARDING REAL PROPERTY (VIENNA PROPERTY)**